ATKINSON *vs.* THE CITY OF ATLANTA.

Prior to the constitution of 1877, if the property of one were damaged by the building of sewers and grading of streets, unless it was done unskilfully, it was *damnum absque injuria*, and the provisions in that constitution as to compensation for damages to private property, as well as for its taking for public use, did not make that a nuisance in law which was not a nuisance before. Hence, a suit for damages, both past and future, must still be brought within four years from the doing of such work by the city. As there

was no original nuisance, there could be no continuing nuisance. *Smith vs. City of Atlanta,* 75 *Ga.* 110, distinguished.

·October 10, 1888.

Municipal corporations.   Nuisance.   Statute of limi-·tations.   Constitutional law.   Before Judge VAN EPPS, City court of Atlanta.   March term, 1888.

Reported in the decision.

FULTON COLVILLE, for plaintiff.

J. B. GOODWIN and J. T. PENDLETON, for defendant.

BLANDFORD, Justice.

Mrs. Atkinson, the plaintiff in error, brought her action against, the city of Atlanta for damages, which she alleged she had sustained from the grading of certain streets and the construction of certain sewers by the city, by reason of which a large body of water was emptied upon her lots, and her property thereby injured and damaged.   By an amendment to the declaration, she alleged that this was a continuing nuisance, and she proposed to recover such damages as had accrued , within four years next before the bringing of the suit. It was admitted that the work was done by the city more than four years next before the bringing of the suit.   The declaration and the amendment were demurred to generally, upon the ground that the same were not sufficient in law to authorize the plaintiff to ·recover.   The court sustained the demurrer, and the plaintiff excepted.

It was contended by the plaintiff in error that this was a nuisance *ab origine,* and a continuing nuisance, for which she was entitled to damages, for the reason that by the constitution of 1877, it is provided that pri-

vate property shall not be taken or damaged for public uses without just compensation. It was conceded by both sides, and properly, that prior to the constitution of 1877, if anybody was damaged by reason of the building of sewers and grading of streets, unless it was done unskilfully, it was *damnum absque injuria.* The constitution of 1877, however, does not make that a nuisance which was not a nuisance before. It merely provides that where private property is damaged for public uses, just compensation shall be had. In this case there was no nuisance. The city did what it had a right under the law to do. But if it damaged the party, the city was bound to make compensation in damages. When this work was done and damage resulted therefrom to the plaintiff, she had a right of action against the city for damages, and not only for the damage which might have accrued prior to the bringing of the action, but for such as might accrue in the future. The whole damage could have been assessed in one action; such action taking the place of the statutory provision in cases where property is condemned, that the whole damage shall be assessed. Hence, there was no reason why the present action should not have been brought within four years after this work was done by the city. The authorities are numerous that such an action must be brought within the statutory period, for all the damages, both past and future; and the plaintiff having failed to bring suit within that time, her right of action was barred; and the court was right in sustaining the demurrer. As there was no original nuisance, there could be no continuing nuisance. This case differs from that of *Smith vs. Atlanta,* 75 *Ga.* 110, which was relied on by counsel for the plaintiff in error in this case. That was a case of a continuing nuisance, the damage therein resulting from the digging of a culvert by the city,

whereby the surface water from the lands of adjacent proprietors was gathered, charged with the filth of sinks, and thrown upon the plaintiff's land, producing noxious scents and sickness, and rendering his premises untenantable.    We do not think there is anything in the former decisions of this court in contravention of what we decide in this case; indeed, after a careful examination of the decisions on this subject, we find that they are in accord with the views here announced.

Judgment affirmed.