18582.   NEWTON *v.* CITY OF MOULTRIE.

BROYLES, C. J.   1.   Where a father sues for damages for the homicide of his son, and the petition fails to allege that the mother of the deceased son was dead at the time of the homicide, no cause of action is shown in the father, and the petition should be dismissed on demurrer. *Dellinger* v. *Elm City Cotton Mills,* 26 *Ga. App.* 780 (107 S. E. 264), and cit.

2.   "No person, firm or corporation, having a claim for money damages against any municipal corporation of this State on account of injuries to person or property, shall bring any suit at law or equity against said municipal corporation for the same, without first presenting in writing such claim to the governing authority of said municipality for adjustment, stating the time, place and extent of such injury, as near as practicable, and the negligence which caused the same, *and no such suit shall be entertained by the courts against said municipality until the cause of action therein has been first presented to said governing authority for adjustment."* (Italics ours.)   Civil Code (1910), § 910.

3.   In a claim for money damages against a municipal corporation on account of injuries to person or property, the petition must affirmatively allege a compliance with the provisions of the code section quoted above, and unless it does so, it should be dismissed on demurrer. *Saunders* v. *City of Fitzgerald,* 113 *Ga.* 619 (38 S. E. 978).

4.   This was a suit for damages, brought by a father against the City of Moultrie, for the homicide of his son. The petition failed to allege that the mother of the deceased son was dead at the time of the homicide. The written claim presented to the governing authorities of the city, as required by section 910 of the Civil Code of 1910, also failed to make that allegation. Subsequently the plaintiff amended his petition by alleging that the mother of the deceased son was dead at the time of the homicide. *Held,* that the original petition set forth no cause of action, and the cause of action set forth in the amended petition was not presented to the governing authorities of the City of Moultrie for adjust-

---

Death, 17 C. J. p. 1289, n. 92.

Municipal Corporations, 43 C. J. p. 1184, n. 26; p. 1194, n. 30 New; p. 1229, n. 42.

ment before the suit was brought. It follows that the petition was properly dismissed on demurrer.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 10, 1928.

Action for damages; from Colquitt superior court—Judge W. E. Thomas.  October 6, 1927.

*Dowling & DeLoache, Hill & McElvey,* for plaintiff.

*Hoyt H. Whelchel,* for defendant.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*