29003. CITY OF ATLANTA *v.* SCOTT.

258

DECIDED DECEMBER 1, 1941.

*J. C. Savage, E. L. Sterne, J. C. Murphy, Frank A. Hooper Jr.,* for plaintiff in error.

*Mitchell & Mitchell,* contra.

STEPHENS, P. J. (After stating the foregoing facts.)

The city contends that a proper construction of the petition shows that the injury complained of is not the result of a nuisance maintained by the city, but that the plaintiff is seeking to recover on the ground that private property can not be taken for public purposes without just compensation having been paid. The plain-

tiff alleged that the city caused damage to her property when it paved an adjacent street and elevated the grade and raised the curbing thereof so that when a rain came a large amount of surface rain water was deviated upon the plaintiff's lands and the storm sewer thereon was insufficient to carry off this water and the plaintiff's property became thereby flooded. It was alleged that during the years 1939 and 1940 the situation became so bad that the storm sewer which ran through the plaintiff's property, and which was inadequate to carry off the increased volume of water and which the city had refused to make adequate, cracked, and the plaintiff's lot became flooded, and great holes appeared in her yard and her driveway, and her house was undermined and cracked.

This situation constituted a nuisance causing damage to the plaintiff's property. This is so because it is alleged that the plaintiff filed a petition seeking to enjoin the city from permitting the plaintiff's property to become thus flooded by such excess rain water flowing into this storm sewer, on the ground that such action on the part of the city "constituted a nuisance," and this proceeding resulted in a verdict in favor of the plaintiff, and a decree was rendered on June 12, 1940, in which it was decreed "that the defendant, the City of Atlanta, be and it is hereby restrained and enjoined from maintaining or permitting the maintaining of the nuisance caused by the ponding of water in front of plaintiff's property and the overflowing of same upon plaintiff's said property." This permanent injunction decree was not excepted to by the city. It was an adjudication that the acts of the city, now alleged by the plaintiff to have caused the injury and damage sued for, constituted a nuisance. It is alleged that damage to the plaintiff's property caused by this nuisance and for which recovery is sought in this action, occurred during the years 1939 and 1940. The present suit was filed after November 1, 1940. Perhaps it was filed on December 4, 1940. No recovery is sought by the plaintiff for any damage to her property caused by the changing of the grade and paving of the street in 1929. It is alleged that the street was paved and graded in that year, but no recovery is sought for any damages to the plaintiff's property except that caused by the flooded water in 1939 and 1940. The petition was not subject to general demurrer on the ground that it appeared therefrom that the plain-

tiff's cause of action, if any, occurred more than four years before the filing of the suit and was barred by the statute of limitations. The plaintiff was not seeking to recover for the taking of her property for public purposes by the city, occurring when it paved and changed the grade of the street in 1929. The plaintiff's case is one for damage resulting from certain acts of the city which, it has been adjudicated, constituted a nuisance.

The cases of *Atkinson* v. *Atlanta,* 81 *Ga.* 625 (7 S. E. 692), *Sheppard* v. *Ga. Ry. & P. Co.,* 31 *Ga. App.* 653 (121 S. E. 868), and others relied on by the city, are not applicable. In the *Atkinson* case it was ruled that the acts of the city complained of did not constitute a nuisance. In the present case there has been a final judgment, unexcepted to, establishing the acts complained of as a nuisance.

The petition sets out a cause of action for damages resulting from the maintenance of a nuisance within four years preceding the filing of the petition, unless it fails to show a cause of action in that it fails to show that the notice required under the act of 1939 as a condition precedent to the bringing of a suit against the city had been given in the manner required by the act. The act of 1939 provides as follows: "No action for damages to persons or property of any character whatever shall be instituted against the City of Atlanta, unless within ninety days from the happening or infliction of the injury complained of the complainant, his executor or administrator, shall give notice to the mayor and general council of the City of Atlanta, by filing a claim with the clerk of council, of his injury, in writing, stating in such notice the date and place of the happening or infliction of such injury, the manner of such infliction, the character of the injury, the amount of damages claimed therefor and the names and addresses of all witnesses." Ga. L. 1939 pp. 834, 835. This statute is in terms mandatory as respects the institution of a suit against the City of Atlanta. It provides that, "no action for damages" etc., "shall be instituted against the City of Atlanta, unless within ninety days from the happening or infliction of the injury complained of the complainant . . shall give" to the designated officers of the City of Atlanta the required notice. A compliance by one having a claim against the city with the provisions of this act as respects the time within which the required notice shall be

given, which is ninety days after the happening or infliction of the injury, is a condition precedent to the right to recover for such injury. Such compliance being a condition precedent to the right to recover, as provided in the act, such compliance must affirmatively appear from the allegations of the petition. The act, in requiring that the complainant, in the notice, must state the time and place of the injury, the manner of its infliction, its character, and the amount of damages claimed, must also be construed as requiring such statements to be made in the notice as a condition precedent to the right to recover, and as limiting the right to recover to such damages as are specifically stated and claimed in the notice.

The only damages claimed in the notice which it is alleged was served on the city, are damages to foundations of the house, causing settling and cracking, in the amount of $1500; damage to basement yard and driveway, $500; and damage due to existence of continuing nuisance, $1000. These specific items are, as alleged in paragraph 18 of the petition, damages which occurred during 1938 and 1939. Since only such damages as are alleged in paragraph 18 and which are the only damages referred to and claimed in the notice served on the city can, as prescribed by the act of 1939, be recoverable, the petition fails to set out a cause of action for the recovery of such damages if it does not appear from the petition that the notice required by the act of 1939 as a condition precedent to the right to recover had been given to the city within ninety days from the infliction of the injuries complained of. The injuries, as alleged, were inflicted during 1938 and 1939, and since it does not appear from any allegation in the petition that the notice was served within ninety days from the infliction of the injuries the petition fails to set out a cause of action. It does not appear from the petition and the copy of the notice attached as exhibit B that the notice was served earlier than the date of the notice, which, as it appears on the notice, is February 28, 1940. Since it is indefinite as to what period during 1939 the alleged injuries were inflicted and the damages arose, it does not affirmatively appear that the notice was served within ninety days from the infliction of the injury.

While the petition set out a cause of action for a continuing nuisance arising within four years before the filing of the petition, by virtue of its failing to appear that the notice required by the act

of 1939 had been given the city the petition failed to set out a cause of action, and the court erred in overruling the demurrer.

We have dealt with the question whether, irrespectively of any notice, the petition alleges a cause of action for damages for a continuing nuisance occurring within four years before the filing of the suit, because this question is argued by the attorneys and because the petition, after the remittitur of this court has been transmitted to the lower court, will be subject to amendment as respects paragraph 18 so as to show that at least some of the damages therein alleged, which are included in the notice filed with the city, constituted a continuing nuisance inflicting injuries arising within ninety days before the service of the notice.

*Judgment reversed.* *Sutton and Felton, JJ., concur.*