30198. CITY COUNCIL OF AUGUSTA *v.* BOYD *et al.*

DECIDED FEBRUARY 24, 1944.

*C. Wesley Killebrew,* for plaintiff in error.
*Pierce Brothers,* contra.

MacIntyre, J.   The plaintiffs filed a petition against the City Council of Augusta, a municipal corporation, alleging damages in the sum of $7000 on account of the alleged maintenance by the defendant of a continuing abatable nuisance.   The allegations of the petition are that the plaintiffs are the owners of a tract of land with a store and residence, all in one building, located thereon, which they purchased on November 16, 1938, and have since continuously owned up to the time of the filing of this suit, to wit, August 22, 1942; that immediately south of their place the defendant maintains an open sewer; that such sewer, as maintained within about twenty feet of the store and residence of the plaintiffs, discharges filth, excrement, and all other sewage from a large section of the city; that the plaintiffs claim this to be a continuing abatable nuisance; and that all the stench, odor, and foul atmosphere from the same permeates their home and store and is injurious to the health of the plaintiffs and their family.

The petition first alleges evidentiary facts, which would authorize a recovery for an injury to the use of the property on account of an injury caused by a remediable or temporary nuisance, but does not allege the measure of damages for such a wrong, to wit, the depreciation of the usable value of the property, based on discomfort and annoyance, which is injurious to health, during the time that the nuisance continued, and within the period of the statute of limitations.   The petition then alleges, in paragraph 11: "That in addition to such nuisance, said sewer is gradually washing away your petitioners' lot all along the southern line thereof, and has so washed away such land that it has all but undermined their residence and the store located thereon, and unless something is done, it will eventually undermine the foundation of said property and entirely ruin the same."   Thus, in addition to the damage to the use of the property, which would be damage to an estate less than a freehold, there are also allegations in the petition of evidentiary facts which would authorize a recovery for an injury to the intrinsic value of the property itself, which, under the allegation of this petition, is a freehold estate; and the measure of damages to the injury of the freehold estate would be the diminution in the market value resulting from the injury to the freehold.   The petition, in paragraph 13, then alleges: "That your petitioners' property above described, without such continuing nuisance, is worth

the sum of $8000, but that with such continuing nuisance being maintained, it is not worth more than $1000, if that much." The plaintiffs then pray generally "that they have judgment against the defendant in the sum of $7000."

It is conceded that the defendant's general demurrer was properly overruled. The only remaining question in this case is whether the court erred in overruling the special demurrer on the ground that, "under the allegations of the petition, plaintiffs have not alleged the proper measure of damage." The difficulty here arises as to the measure of damages. The rule on the subject is: "If the nuisance is not of a permanent character, but such as the city may at will abate, and when abated the injury occasioned by its maintenance will cease, the plaintiff can recover merely the damages which he has sustained within the period prescribed by the statute of limitations for bringing a suit of this character. But if the nuisance is of a permanent and continuing character, the plaintiff may recover in one action all the damages, past and future, which the maintenance of the nuisance has occasioned and will occasion in the future. *Reid* v. *Atlanta*, 73 *Ga.* 523; *Danielly* v. *Cheeves*, 94 *Ga.* 263 (21 S. E. 524); *Holmes* v. *Atlanta*, 113 *Ga.* 961 (39 S. E. 458); *Massengale* v. *Atlanta*, 113 *Ga.* 966 (39 S. E. 578); *Mulligan* v. *Augusta*, 115 *Ga.* 337 (41 S. E. 604)." *Langley* v. *City Council of Augusta*, 118 *Ga.* 590 (45 S. E. 486, 98 Am. St. R. 133). The nuisance complained of in the instant case, the improper maintenance of the ditch, is not a permanent one, but rather one which can be abated by the city at any time, and the wrong or injury is remediable. The nuisance complained of does not consist in the mere presence of the ditch, but in the manner in which it is maintained. The plaintiffs can recover whatever actual damages they have sustained by reason of sickness, or by reason of injury to their property, growing out of the maintenance of the ditch in such a way as to make the same a nuisance. In short, the plaintiffs can recover all the actual damages they have sustained by reason of the wrong complained of on the theory that the ditch as maintained is a nuisance; but they can recover nothing on the theory that the city will continue to maintain the nuisance. If, as a matter of fact, the city does continue to maintain it, they can bring another action for damages after the damages have accrued, and do this as long as the city fails and refuses to abate the nui-

sance. As we construe the petition, the plaintiffs alleged that the method of computing the damages for the injury to the use of the property, based on annoyance and discomfort which the owner has suffered from the nuisance, and the method of computing damages for the fee in the land, were merged into one method of computing the entire damage sued for; and then alleged that this method for computing the entire damage was the diminution between the value of the property on February 16, 1938, and the time the suit was filed on August 27, 1942. This is not the correct method of computing damages to the usable value of the property based on annoyance and discomfort, in that the property might be of equal or even greater value on the latter of these two dates. Yet the plaintiffs would be entitled to recover for the diminution in the value of the use of the property as a combination residence and store by taking into consideration the discomforts and annoyances which the owners suffered from the nuisance and which injured their health. To illustrate: In the case of Baltimore & Potomac Railroad Co. v. Fifth Baptist Church, 108 U. S. 317, 335 (2 Sup. Ct. 719, 27 L. ed. 739), a Baptist church acquired property and built a church thereon. It was used for religious exercises, prayer, and worship. Some years later, while the property was still so used, a railroad company built an engine house and repair shop, which it used in such a way as to become a nuisance and to interfere with the enjoyment of the property used as a church in the manner stated. The court said: "Mere depreciation of the property was not the only element for consideration. That might, indeed, be entirely disregarded. The plaintiff was entitled to recover because of the inconvenience and discomfort caused to the congregation assembled, thus necessarily tending to destroy the use of the building for the purposes for which it was erected and dedicated. The property might not be depreciated in its salable or market value, if the building had been entirely closed for those purposes by the noise, smoke, and odors of the defendant's shops. It might then, perhaps, have brought in the market as great a price to be used for some other purpose. But, as the court below very properly said to the jury, the congregation had the same right to the comfortable enjoyment of its house for church purposes that a private gentleman has to the comfortable enjoyment of his own house, and it is the discomfort and annoyance in its use for those purposes which is the primary

consideration in allowing damages. As with a blow on the face, there may be no arithmetical rule for the estimate of damages. There is, however, an injury, the extent of which the jury may measure." In the instant case, where the open ditch transports sewage and creates a smell and obnoxious gases, which are injurious to the health, even if the community had developed, and the value of all the property in the neighborhood, including the property in question, had increased in value in spite of the open ditch, which was so operated as to be a nuisance, the plaintiff might still recover for a diminution in the value of the use of the property, notwithstanding its salable or market value had not depreciated, but had in fact increased.

The allegations of the petition that could be used as a basis for recovery are imperfect, as they relate to the measure of the whole or entire damages sued for; yet the defendant is confronted with the rule stated in *Ford* v. *Fargason*, 120 *Ga.* 708 (6) (48 S. E. 180), as follows: "While the petition did not set up the true measure of damages, and would probably have been subject to a special demurrer on that ground, filed at the proper time, this is no reason for excluding evidence offered on the trial which was properly admissible under the true rule as to the measure of damages." Then what is the defendant to do in order to require the plaintiff to correct his improper allegations as to the measure of damages? This question is answered in the case of *City Council of Augusta* v. *Lamar*, 37 *Ga. App.* 418 (5) (140 S. E. 763), in the following language: "A petition which sets forth a cause of action, including a claim for damages such as would properly flow to the petitioner under the case as laid, but which states a wrong method or measure by which the amount of such damages is arrived at, is subject to special demurrer, but not to a mere general demurrer, since it is permissible, on the trial of the case, to prove the proper damages alleged and to measure them according to the true and correct method." The petition in the instant case indicates an intention to claim damages for annoyance and discomfort, which injured their health, and the plaintiffs nowhere indicate that this is not an actual basis for recovery, as well as the damage to the fee in the land. If the allegations of the petition set out a cause of action authorizing a recovery as to both elements of damage, and the method of computation on each is different, and the plaintiff alleges one meas-

ure of damage which he in effect states is applicable to both elements, when such measure is applicable not to both elements but to one only, the plaintiff has not stated a proper measure by which to compute the whole or entire damage, and the petition is subject to the specific demurrer on the ground that the proper measure of damages is not alleged. *Jones* v. *Richmond County,* 61 *Ga. App.* 857 (7 S. E. 2d, 754).

The case of *Langley* v. *City Council of Augusta,* supra, as in the instant case, dealt with a caving ditch which injured the freehold, and with the operation of a ditch so as to constitute it an abatable nuisance. However, in that case there was no special demurrer raising the question of the improper measure of damages, and the rule in *Ford* v. *Fargason,* supra, was applicable; whereas, in the instant case there was a special demurrer on the ground that the petition did not allege the proper measure of damages, and the rule in *City Council of Augusta* v. *Lamar,* supra, was applicable.

The cases cited in the brief of the defendant in error are distinguishable from the instant case by their particular facts.

The judge erred in overruling the special demurrer.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*