**W. B. RODDENBERY CO., Inc.
v. CARTER.**

No. 13340.

United States Court of Appeals,
Fifth Circuit.

Nov. 16, 1951.

Rehearing Denied and Opinion Clarified
Jan. 18, 1952.

See 193 F.2d 643.

Geo. T. Smith, S. P. Cain, Cairo, Ga., for appellant.

Charles H. Kirbo, Vance Custer, Bainbridge, Ga., for appellee.

Before HUTCHESON, Chief Judge and HOLMES and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

The suit was for damages[1] to land and

---

1. $7575.00 for the loss of 35 head of cattle; $3000 for damages to others; $2000 per year rental value of the land, total of $4000; permanent damage to the land $10,000.

cattle resulting from the discharge of waste and refuse from the pickle company's plant into Little Tired Creek, a stream flowing through plaintiff's land.

The claim was: that by arrangement between the two defendants, the pickle company and the city, refuse and waste from the pickle plant was dumped as sewage into the creek; that this not only polluted the stream causing cattle drinking from it to sicken and die, but polluted the land itself; and that as a result plaintiff suffered not only temporary damage, measured by injury to his cattle and the loss of rental or use value for the time of the pollution, but also permanent damages measured by loss in the market value of the land.

In response to interrogatories, defendant Pickle Company admitted that on or about July 8, 1947, it, on the instructions of the city, discontinued turning its waste and refuse into the general sewerage system, and commenced to turn it into Little Tired Creek.

Admitting, too, that the resulting pollution of the stream had in dry seasons caused fish to die and the cattle and hogs to refuse to drink its waters, it declared: that the pollution was not otherwise harmful; that the condition was only temporary; and that it was perfecting and would put into operation a plan which would end the pollution.

Tried to a jury, there was testimony: that some of the plaintiff's cattle had sickened and some had died as a result of the pollution complained of; that plaintiff had lost grass and trees on the low places of his land as the result of overflows; and that the rental or use value of the land had been diminished by the pollution. In addition there was some testimony that the contamination had hurt land values along the creek.

Over the objection of defendants that the testimony was not admissible, the court permitted plaintiff to offer in evidence a certified copy of a temporary injunction issued out of the Superior Court of Grady County in a suit brought against defendants by persons other than plaintiffs.[2]

Further, over the defendants' objection that the nuisance complained of was temporary and abatable, and could not give rise to damages measured by the loss of market value of the land, the court admitted the issue of loss of market value to the jury.[3]

2. The order recited: that the defendants are temporarily restrained and enjoined as prayed for by the plaintiffs in their petition. Defendants objecting on the ground that the evidence was immaterial, plaintiff's counsel stated: "I might explain, we offer it, your Honor, for the purpose of showing the permanence of the nuisance. There are two rules of damages, as Mr. Cain has pointed out. If the jury comes to the conclusion that the nuisance is a continuing one, they are authorized to allow all damages, both past, present and prospective. From a reading of the minutes of the City Council and from this injunction, which was granted on a suit filed in 1947, we still haven't received any relief and we ought to show that as a continuing nuisance on the part of the defendant."

To which the defendants, through Mr. Cain, replied: "There is no question but what this is an abatable nuisance. It is not one that has been, but one that can be, stopped. If it is abatable, the damages which you could recover would only be those which occurred up to the time of the suit. He could bring a second suit for any damage that might occur thereafter. Then he could bring from year to year as many suits as he wished."

The court overruled the objection and admitted the evidence, stating to the jury: "You will try this case according to the evidence that comes from the stand here and now, and you will not be governed by the order of the court in Cairo had some months or years back. The evidence is allowed for the sole purpose for illustration to your mind, if it does, whether or not this nuisance as claimed, if it is a nuisance, is a continuing one.

3. The court instructed the jury: "If the damages to the land and its appurtenances * * * have been complete and are permanent, then you would be authorized to find for the plaintiff. The measure of damages, if any, he has sustained, would be the difference between the market value of his property before the alleged contamination of the stream and the market value of his property afterwards."

To this instruction the defendants objected on the ground that under the evidence the nuisance was abatable as a matter of law, and the difference in the rental value is the only thing that might be recovered.

There was a verdict and judgment for plaintiff for $6,327.84, and defendants are here insisting: that the evidence established as matter of law that the nuisance was abatable, the damages temporary; and that the admission of the evidence objected to, and the giving of the charge complained of, constituted reversible error. In addition, though they did not object to it at the time, they here complain of plaintiff's argument to the jury.

■ Appellee agrees with the appellants that the nuisance was abatable and with the general principle advanced by appellants and supported by the authorities they cite that damages measured by the difference in the market value of the land before and after the beginning of the nuisance cannot be recovered where the nuisance complained of is abatable and the damages are temporary.

They insist, though, that the record contains evidence showing that, though the nuisance is abatable and recurrent, it did cause permanent damages to the land which reduced its market value as a whole, and the court, therefore, did not err in submitting to the jury as a measure of damages the difference in the market value of the land.

As to the jury argument, appellee relies firmly on the views of the district judge in denying the motion for new trial on this ground that there was no exception taken by defendants, that the argument was called for by the argument of defendants' counsel, and that if it was not fully justified, it was not of such prejudicial character as, unobjected to, to constitute reversible error.

While we agree with appellee that the argument was not reversible error, we cannot agree with him that this is so as to the other points urged.

To this the court replied: "You will recall that during the trial there was admitted in evidence over the objection the question of the order of another court and that was done for the sole purpose * * * to aid the jury, if it did, in determining whether or not this was a temporary or permanent nuisance.

4. Horton v. Fulton, 130 Ga. 466(1), 60 S. E. 1059; Hodges v. Pine Products Co.,

■ In the first place, the record leaves in no doubt that the plaintiff offered the complained of evidence and asked the complained of charge not upon the theory appellee now advances, that, though the nuisance was temporary, there is evidence to support a finding that the damages to the land were permanent.

The evidence was offered in support of, and the charge was given to the jury on, the theory that the nuisance was continuing and not temporary, was permanent and not abatable.

The evidence did not tend to prove, nor does the record tend to show, that this was so. The temporary injunction issued in a suit not involving plaintiff or his land had no legitimate tendency to prove the issue on which it was tendered. It tended only to confuse the jury and to prejudice the defendants.

As to the charge, whose giving defendants had endeavored to prevent, there was no evidence to justify its giving. The evidence showed conclusively that the nuisance was temporary and not continuing, and there was no basis for the submission of the issue of permanent damages to the land.[4]

Because of these errors the judgment for the full amount recovered below ought not to stand.

■ We are of the further opinion, however, that the conduct of the defendants in turning the refuse and waste into the creek was clearly wrongful, that but for the errors complained of a judgment for plaintiff in a substantial sum would have been justified, and that if it can reasonably be avoided, the case ought not to be sent back for another trial.[5]

■ Under these circumstances, in the light of the substantial justice rule prevail-

135 Ga. 134, 138, 68 S.E. 1107, 33 L.R. A.,N.S., 74; Atlantic Coast Line R. R. Co. v. Knapp, 139 Ga. 422, 423(4), 77 S. E. 568; City Council of Augusta v. Boyd, 70 Ga.App. 686, 29 S.E.2d 437.

5. U. S. v. Certain Parcels of Land, 5 Cir., 149 F.2d 81, at page 83; Texas Co. v. Christian, 5 Cir., 177 F.2d 759, at page 762.

ing, as well in the federal as in the state courts, we think the judgment which this court should give is not one of reversal for trial anew, but one of conditional affirmance requiring the appellee to remit, and appellants to accept, a remittitur of all damages in excess of $5000 with interest on said remaining sum at 6 percent from May 27, 1950.

In the event such remittitur is made and accepted within fifteen days from this date, the judgment, as reduced by remittitur, will be affirmed with costs of appeal equally divided. If such remittitur is not so made and accepted, the judgment will be reversed and remanded for further and not inconsistent proceedings with costs of appeal taxed against appellee.