### 20249. SCOTT *v.* DUDLEY *et al.*

CANDLER, Justice. Eleanor Worrill Dudley, operating under the name of the Worrill-Dudley School of Speech, filed a petition for both legal and equitable relief, in the Superior Court of Chatham County, against Louis Scott. Her petition was twice amended, and general and special demurrers interposed thereto were overruled and the defendant excepted to that judgment. The amended petition complains about the way in which the defendant operates his airport, which is located a few miles south of Savannah at a point on the Ogeechee road opposite and across the road from the private school which the plaintiff operates and which she had operated for some time prior to the construction of the defendant's airport. Her school is operated for the purpose of instructing children who are deficient in speech and hearing, and because of their handicaps and the equipment she must use for their instruction, it is necessary that her school be located in a quiet place and for this reason, she selected a site for it outside of Savannah. The runway at the defendant's airport is from 500 to 600 feet long, and for take-offs it points directly toward the plaintiff's school, terminating at a point about 150 feet from it.

It is not paved but is covered with grass, sand and dirt, and is uneven and bumpy; and so much so that it is extremely difficult and hazardous for planes to take off from it and to land safely on their return thereto. It is now being used principally as a training field for pilots, and 75 or more planes take off from and return to it daily, and because of the location of the runway they pass directly over the plaintiff's school building at altitudes of from 50 to 75 feet. The vibrations from these planes shake her school building, render the equipment which she does and must use for the instruction of her handicapped students virtually of no assistance; and they adversely affect her students who are, because of their handicaps, naturally nervous and easily upset. The acts complained of have been continuous since the defendant's airport was constructed in 1950, but the aviation activities carried on there have gradually increased from the date of its construction to the present time, and especially during recent months. The amended petition also alleges that the defendant has continued to operate his airport intentionally injuriously to the plaintiff's property and as a hazard to the occupants thereof, and because of such wilful acts on his part, it was necessary for her to employ counsel to institute and prosecute this litigation for the protection of those rights. There is a prayer that the defendant, his servants, agents, employees, and patrons be permanently enjoined from flying planes over the plaintiff's school at altitudes which interfere with the efficient operation of her school; and that she recover a judgment against the defendant for a stated amount as and for reasonable expenses incurred by her in consequence of this litigation. By his answer the defendant admitted that he was personally operating an airport at the place mentioned in the amended petition; that the plaintiff is operating a private school for the instruction of handicapped children directly across the road from his airport; and that her school was in operation prior to the time he constructed his airport. He admitted that he was personally responsible for the way in which his airport was being operated; but denied that it was being operated in such a way as to be a nuisance to the plaintiff. He averred that his airport was constructed in the spring of 1950, and that the plaintiff's cause of action, if she ever had one, arose then, and that it is now barred by the statute of limitations since this action to enforce it was

filed more than four years from the time it arose. He further averred that his airport was being operated by him in a proper manner and so as not to be in any respect injurious to the property rights of the plaintiff. The jury by its verdict found that the plaintiff was entitled to the permanent injunction prayed for and $863 as expenses of litigation. On that verdict the court by decree permanently enjoined the defendant from flying planes, or permitting others to fly them, at an altitude of less than 300 feet over the plaintiff's school building and also rendered judgment against him and in favor of the plaintiff for $863 as and for the expenses of this litigation. The defendant, in due time, moved for a new trial on the usual general grounds and later amended his motion by adding several special grounds. His amended motion was denied and he excepted to this judgment. *Held*:

1. Since the exception to the judgment overruling the defendant's general demurrers to the amended petition has been expressly abandoned in the brief for the plaintiff in error, no ruling on that question is required or will be made. The several special demurrers to the amended petition have been carefully examined and found to be without merit; this being true, the judgment overruling them is not erroneous as the plaintiff in error contends.

2. There is no merit in the contention that the plaintiff's right to equitable relief in this case is barred by the statute of limitations since the nuisance complained of has existed for a period of more than four years prior to the institution of this litigation. Where, as here, there is a continuing nuisance, a new cause of action arises daily, and a court of equity takes jurisdiction in such a case to avoid a multiplicity of suits.

3. The pleadings and the evidence in this case clearly show that the defendant since 1950 has been flying aircraft almost daily over the plaintiff's school building at extremely low altitudes; that he has permitted others to do likewise; and that such flights have continued to increase considerably during the years since they began and especially during the past few months. And the evidence shows beyond any question of doubt that such flights have materially interfered with and restricted the right of the plaintiff to use and fully enjoy her property for school purposes. Do such acts constitute a continuing nuisance which a court of equity will enjoin? We think so. Code § 85-201 declares that "the right of the owner

of lands extends downward and upward indefinitely"; and in § 105-1409 it is stated that "the owner of realty having title downwards and upwards indefinitely, an unlawful interference with his rights, below or above the surface, alike gives him a right of action." However, the legislature in 1933 enacted a statute which contains the following provision: "Flight in aircraft over the lands and waters is lawful, unless at such a low altitude as to interfere with the then existing reasonable use to which the land or water or space over the land or water is put by the owner of the land or water; or unless so conducted as to be imminently dangerous to persons or property lawfully on the land or water beneath." Ga. L. 1933, p. 99; Code § 11-101. Therefore, it appears to be clear that aircraft flights over lands at such altitudes as not to interfere materially with the then existing reasonable use thereof by the owner cannot be said to constitute a nuisance. Still, the owner of the land is a "preferred claimant" to the air space above it, and he is entitled to redress for any use thereof which results in an injury to him or to his property, and we think it can be safely asserted that the owner of land has title to and a right to control the air space above it to a distance of at least 75 feet above his buildings thereon; but we are not here holding that his title to the air space above his land is limited to an altitude of that height. As authority for this, see *Thrasher* v. *City of Atlanta*, 178 *Ga.* 514 (2) (173 S. E. 817, 99 A.L.R. 158), and *Delta Air Corporation* v. *Kerse*, 193 *Ga.* 862 (2) (20 S. E. 2d 245, 140 A.L.R. 1352). In the instant case the jury was fully authorized to find from the evidence that at least 75 flights were made over the plaintiff's school building daily at altitudes of from 50 to 75 feet—just over the top of her trees; that the danger necessarily created thereby to the life and safety of those who occupy her premises, the noise and vibration caused thereby, and the distracting effect they have on her students make further operation of her school impracticable, and by such flights the right to enjoy freely the use of her property has been substantially lessened. Hence, the evidence clearly shows the existence of a continuing nuisance, and it is well settled by numerous decisions of this court that equity will enjoin such a nuisance.

4. Expenses of litigation, including attorney's fees, are not punitive or vindictive damages, but stand alone, are regulated by

Code § 20-1404, and the jury may allow them if the defendant has acted in bad faith in the transaction out of which the cause of action arose. *Williams* v. *Harris,* 207 *Ga.* 576 (63 S. E. 2d 386), and the cases there cited. The jury, under all of the facts and circumstances of this case, was fully authorized to find, as it did, that the defendant's wrongful and recurring violation of the plaintiff's right to use freely her property without interference was in bad faith; and the award of $863 as and for the expenses of this litigation is abundantly supported by evidence. See *Georgia Ry. &c. Co.* v. *Tompkins,* 138 *Ga.* 596 (8) (75 S. E. 664); *Southeastern Express Co.* v. *Chambers,* 33 *Ga. App.* 44 (125 S. E. 507).

5. What has been ruled above disposes of the most substantial questions presented by the record. As to the others not specifically mentioned, it is sufficient to say that they require neither discussion nor a reversal of the case.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 14, 1958—DECIDED NOVEMBER 7, 1958.

*John J. Sullivan, James W. Head,* for plaintiff in error.
*Aaron Kravitch, J. Saxton Daniel, A. E. Butler,* contra.