38395.  CITY OF ATLANTA v. BARRETT, by Next Friend.

DECIDED SEPTEMBER 7, 1960—REHEARING DENIED
SEPTEMBER 28, 1960.

*Newell Edenfield, J. C. Savage, Robert S. Wiggins,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Miles J. Alexander,* contra.

CARLISLE, Judge. Julian H. Barrett, for whom it was alleged no guardian had been appointed at the time the suit was brought and who was alleged to be mentally and physically incapable of conducting his own affairs, by and through his next friend, H. E. McCarley, filed suit in the Superior Court of Fulton County for damages against the City of Atlanta. The petition alleged that the plaintiff was injured on September 20, 1957, when he ran his automobile into a ditch, negligently maintained by the defendant, across Piedmont Road. No issue is made in this court as to the sufficiency of the pleadings to state a cause of action for actionable negligence on the part of the defendant, and for this reason the allegations as to this element of the case need not be set out in detail here. The petition alleged that when his automobile struck the ditch and was thrown out of control thereby, it hit a concrete railroad bridge; that the plaintiff received multiple fractures of his body and numerous head injuries which resulted in immediate and permanent mental and physical disability which will render it impossible for him to perform gainful employment for the remainder of his life; that the notice required to be given the defendant municipality under *Code Ann.* § 69-308 of the injuries and damages sustained has been given to the defendant by registered letter which was mailed March 14, 1959. The defendant filed general and special demurrers to the petition. The court entered an order overruling the general grounds of the demurrer and sustaining certain of the special demurrers. The exception here is to so much of the order as overruled the general demurrers.

In the argument of counsel before this court, the sole question presented for decision is whether, under the facts alleged in the petition, the running of time under the provisions of *Code Ann.* § 69-308 requiring that notice of injuries or damages be given to a municipality within six months of the date of such injuries or damage sustained is tolled under the provisions of *Code* § 3-801 so that the plaintiff is not barred by his failure to give the statutory notice to the municipality within six months from the date his right of action on account of the injuries and damages sustained accrued.

*Code Ann.* § 69-308 reads as follows: "No person, firm or corporation, having a claim for money damages against any municipal corporation on account of injuries to person or property, shall bring any suit at law or equity against said municipal corporation for the same, without first, and within six months of the happening of the event upon which such claim is predicated, presenting in writing such claim to the governing authority of said municipality for adjustment, stating the time, place, and extent of such injury, as nearly as practicable, and the negligence which caused the same, and no such suit shall be entertained by the courts against such municipality until the cause of action therein shall have been first presented to said governing authority, for adjustment: . . ." It is well established in Georgia that failure to comply with the provisions of this law within the time required thereby is a bar to any right of action against a municipality. (*Saunders v. City of Fitzgerald*, 113 Ga. 619, 38 S. E. 978; *Newton v. City of Moultrie*, 37 Ga. App. 631, 141 S. E. 322), and that the giving of such notice is a condition precedent to the bringing of any action against a municipality. *City of Atlanta v. Scott*, 66 Ga. App. 257 (18 S. E. 2d 76).

While it is true that the Supreme Court has held in at least one case that the requirement of notice is a mere segment or element of the general subject and is inseparable from the requirement as to the time within which such notice must be given (*City of Atlanta v. Hudgins*, 193 Ga. 618, 631, 19 S. E. 2d 508), no ruling has been called to our attention which holds that the time element is not a statute of limitation. A statute of limitation is any law which fixes the time within which parties must take judicial action to enforce rights or else be thereafter barred from enforcing them. *Prudential Insurance Co. v. Sailors*, 69 Ga. App. 628 (4) (26 S. E. 2d 557). While the giving of the notice is a condition precedent to the bringing of an action, the giving of such notice is at once part and parcel of the enforcement of the right and it is an inseparable part of the bringing of the action. It is a part of the procedure for enforcing the right and as such it must affirmatively appear in the petition, either in the body thereof or by an exhibit thereto that such

notice has been given. A petition which does not thus affirmatively show the performance of the condition precedent is subject to general demurrer. *Hooper v. City of Atlanta,* 26 Ga. App. 221 (3) (105 S. E. 723). We, therefore, conclude that the requirement that the notice be given within six months from the date of the injuries or else that the action therefor be forever barred is itself a statute of limitation and subject to the general law of this State with respect to the tolling of statutes of limitation.

*Code* § 3-801 provides: "Infants, idiots, or insane persons, or persons imprisoned, who are such when the cause of action shall have accrued, shall be entitled to the same time, after the disability shall have been removed, to bring an action, as is prescribed for other persons." The provisions of this Code section are made applicable to tort actions by the provisions of *Code* § 3-1005. Since the petition in this case shows that the plaintiff was wholly and completely mentally and physically disabled from conducting his own business and own affairs, and that this condition continued at the time the suit was filed, his failure to give the statutory notice to the city within six months from the date of the occurrence did not bar him from bringing the action where the petition also shows that, in fact, such notice was given prior to the institution of the suit. The petition in this case shows that at the time it was filed the plaintiff was still incapacitated, and this clearly satisfies this requirement.

To give to *Code* §§ 3-801 and 69-308 the construction contended for by the plaintiff in error would lead to strained, unnatural and inequitable results. Such a construction is not to be desired and should not be made unless the sections under consideration are capable of no other interpretation. *Lombard v. Trustees of Young Men's Library Association Fund,* 73 Ga. 322. Such a construction would lead to the anomalous result that a plaintiff situated as is the plaintiff in the instant case would not have the running of the statute of limitation tolled if his right of action happened to be against a municipal corporation where another plaintiff with a like claim but against another class of defendant would have the statute tolled. Nothing in the law requires such an unjust construction or application thereof. We will not construe the law so as to

impute to the General Assembly an intent that an incapacitated plaintiff's rights might be preserved or not, dependent upon who happened to be the party liable to him. No consideration of public policy or of municipal law requires this court to so extend municipal immunity from suit.

There is nothing in *Jones v. City Council of Augusta*, 100 Ga. App. 268 (110 S. E. 2d 691) which requires a ruling different from that now made. There, no question was presented for decision by this court as to whether the statute had been tolled by virtue of the infancy of the plaintiff involved, but on the contrary, the court expressly declined to pass on whether the six months' provision contained in the statute was binding as against a minor without the capacity for giving such a notice. The court merely held that when suit is brought it must appear that the condition precedent has been complied with. Furthermore, there the minor plaintiff was actually prosecuting a suit by and through his natural guardian who had merely failed to give the statutory notice before filing suit in his behalf, and having once undertaken to prosecute the suit as guardian, or as next friend, of the plaintiff, the procedural prerequisites must be complied with.

*Judgment affirmed. Gardner, P. J., Townsend and Frankum, JJ., concur.*