40293.   CITY OF GAINESVILLE v. MOSS.

DECIDED NOVEMBER 14, 1963—REHEARING DENIED DECEMBER 3, 1963.

*Kenyon, Kenyon & Gunter, William B. Gunter,* for plaintiff in error.

*Stewart, Sartain & Carey, Jack M. Carey, Brannon, Brannon & Schuder, E. C. Brannon, Jr.,* contra.

*Oliver & Maner, L. Clifford Adams,* amicus curiae.

EBERHARDT, Judge. ■ *Code Ann.* § 69-308 provides, inter alia, that no suit shall be brought against a municipality "without first, and within six months of the happening of *the event* upon which such claim is predicated" (emphasis added) presenting a written notice to the city containing certain specified information. Plaintiff alleges a continuing nuisance and seeks to recover damages for matters some of which occurred more than six months prior to the date of the notice, October 30, 1961. Failure to comply with the provisions of this section bars any right of action. *Saunders v. City of Fitzgerald,* 113 Ga. 619 (38 SE 978); *Newton v. City of Moultrie,* 37 Ga. App. 631 (141 SE 322); *Pettaway v. City of Albany,* 105 Ga. App. 739 (125 SE2d 568). The defendant city contends that, since a continuing nuisance gives rise to a new cause of action daily, *Scott v. Dudley,* 214 Ga. 565 (2) (105 SE2d 752), any damages accruing more than six months prior to the giving of the notice cannot be recovered because the conditions of *Code Ann.* § 69-308, which is a statute of limitation, *City of Atlanta v. Barrett,* 102 Ga. App. 469, 471 (116 SE2d 654), have not been met.

It is contended by the city, and we agree, that the purpose and intent of the legislature in the adoption of the Act amend-

ing *Code Ann.* § 69-308 (Ga. L. 1953, Nov. Sess., p. 338) was fourfold; to afford the officials of an offending city opportunity to investigate the complaint at a time when the evidence relative thereto is calculated to be more readily available, to afford them opportunity, if the complaint relates to a continuing nuisance, to take proper steps to abate it before the effects thereof become great or far reaching, to bar a claimant's right of recovery for any and all claims arising by reason of matters that may have transpired or existed giving rise to a cause of action on dates more than six months prior to the giving of the required ante litem notice, and to afford the city an opportunity to negotiate a settlement of such claims as it may determine to be meritorious before litigation is commenced, thus protecting the interests of the general public by reducing the exposure of the funds in the city treasury to depletion from growing claims for damages.

This position of the city finds support in *City of Atlanta v. Scott*, 66 Ga. App. 257 (18 SE2d 76) where the court dealt with a special Act applicable to the City of Atlanta requiring an ante litem notice of 90 days.

It is the contention of the city here that since it appears from plaintiff's petition that the alleged nuisance had been in existence continuously from the beginning of the year 1959, if the petition be construed against him we must conclude that whatever diminution in the value of his property attributable thereto had already occurred more than six months prior to the date of the ante litem notice and is not recoverable. A copy of the notice is attached to the petition and included therein by reference. While it is true that in it plaintiff asserts that he has registered complaints with the city officials "for the past four years," and that the basis for the claimed diminution in the value of the use of his property is an alleged loss of income from his business which he says was brought on by the pollution of Flat Creek adjoining it—substantially all of which occurred more than six months prior to the notice—yet he asserts further that "This situation has grown *steadily worse* and has continued *from day to day up to, and including the present time,* and *for the past two years* has been so bad that customers could not

stay long enough to eat food prepared there." (Emphasis supplied)'. We think that this brings a part, at least, of his claim for damages within the six-month period preceding the giving of the notice, and for this reason the petition as amended can not be held subject to the general demurrer.

■ But if it be conceded that the petition shows that the damage claimed did occur more than six months prior to the giving of the notice, we are still faced with the case of *Vickers v. City of Fitzgerald*, 216 Ga. 476, 483 (5), supra, which appears to settle the matter adversely. The city urges, and we think with merit, that the Supreme Court in that case was not dealing with the legislative intent in adopting the Act of 1953, or with its effect in barring claims giving rise to a cause of action on a date or dates more than six months prior to the giving of the notice, and that a literal application of the case as settling the issue adversely to the city would rob the Act of its meaning in a continuing nuisance situation. It is further urged that *Vickers* can be explained only if "the event" referred to in the Act amending *Code* § 69-308 was viewed to be the entire four-year period covered by the statute of limitation in *Code* § 3-1001, and that if this be true *Vickers* is in direct conflict with the older decision in *Scott v. Dudley*, 214 Ga. 565, supra.

Whatever the Supreme Court may have intended as the effect of its decision or may have viewed as "the event" in the ante litem notice requirement of the statute, it held, under a state of facts on all fours with those here under consideration, that: "The notice alleged to have been given within six months from the expiration of the four-year period during which the nuisance continuously caused damage to the petitioner's property was given within the time prescribed by the statute" and within six months of the happening of the event. As we view it, this is an interpretation of the statute by the Supreme Court (which was not involved in *Scott v. Dudley*), and we are bound by it. On the basis of *Vickers*, therefore, we conclude that the general demurrer of the city was properly overruled.

■ The city insists that the court erred in overruling its special demurrers to the petition as amended. All concern the measure of damages.

■ One demurrer attacks as an improper measure of damages the paragraph alleging "That due to the extended period that said nuisance has been allowed to exist, plaintiff has been deprived of unimpaired use of his property and in conjunction with this there has been a diminution in the value of the use of his property over the period of time covered herein," and alleging damages in a specified amount as the "direct result of the nuisance." *City Council of Augusta v. Boyd*, 70 Ga. App. 686 (29 SE2d 437) answers this point. It was said there, at page 689, that "the plaintiffs would be entitled to recover for the diminution in the value of the use of the property as a combination residence and store by taking into consideration the discomforts and annoyances which the owners suffered from the nuisance. . . ." The facts are similar to those here.

■ Several other demurrers attack a paragraph of the petition incorporating the ante litem notice by reference on the ground that the notice sets out specified losses of income from business, loss of rentals and loss of good will, and that the incorporation of the notice in the petition by reference binds plaintiff to that measure of damages, while he seeks in other allegations to recover for diminution in value of the property.

It is well settled that all that is necessary in giving the notice is a substantial compliance with the requirements of *Code Ann.* § 69-308 relating to the "time, place, and extent of such injury . . . and the negligence which caused the same. . ." It is not even necessary that the plaintiff state any amount in the notice, *Maryon v. City of Atlanta*, 149 Ga. 35 (99 SE 116), and plaintiff is not bound by the amount of damages claimed in his notice. See *Taylor v. King*, 104 Ga. App. 589, 591 (122 SE2d 265) and citations. For the same reason he is not bound by the measure of damages that may be asserted in it. Rather, that is a matter for the petition, and plaintiff has clearly set out his measure of damages in the paragraph quoted above in (a). The demurrers were without merit.

■ The remaining demurrer is incomplete and therefore need not be considered.

*Judgment affirmed. Nichols, P. J., Bell, P. J., Frankum, Hall, Russell and Pannell, JJ., concur. Felton, C. J., and Jordan, J., dissent in part.*

FELTON, Chief Judge, dissenting in part. In my opinion *Vickers v. City of Fitzgerald*, 216 Ga. 476, supra, is contrary to the ruling in *Scott v. Dudley*, 214 Ga. 565, supra. If in a continuing nuisance situation a new cause of action arises every day, a whole period of four years can not be considered "the event" upon which the injured party based his claim for damages. We are bound by the oldest decision of the Supreme Court, as that court is. *Vickers* is not an interpretation of *Code Ann.* § 69-308 and does not preclude us from following *Scott*. The damages sued for which accrued more than six months prior to the ante litem notice are not recoverable. I do not believe that the law would permit a party to fail to give a municipality an opportunity to abate a continuing nuisance (and pay for accrued damages), by keeping the nuisance a secret until the four-year statute had almost run. The ad litem notice is provided to prevent such a situation.

Judge Jordan joins me in this dissent.