S94G0850. CITY OF CHAMBLEE v. MAXWELL.
(452 SE2d 488)

CARLEY, Justice.

Seeking damages for continuing trespass, appellee-plaintiff brought suit against appellant-defendant City of Chamblee. The trial court granted the City's motion for summary judgment, based upon appellee's failure to have given any written ante litem notice in accordance with OCGA § 36-33-5. The Court of Appeals affirmed in part and reversed in part, holding as follows:

> "Notice given within six months from the expiration of the four-year period during which a nuisance continuously caused damages to plaintiff's property is within the time prescribed and complies with . . . (OCGA § 36-33-5). *Vickers v. City of Fitzgerald*, 216 Ga. 476, 483 (5) (117 SE2d 316) [(1960)]." *City of Gainesville v. Moss*, 108 Ga. App. 713 (2) (134 SE2d 547) [(1963)]. . . . [T]he trial court found that genuine issues of material fact remain regarding the [C]ity's liability for continuing trespass. Consequently, summary

judgment was proper "only (as to) those trespasses or nuisances which occurred more than four years prior to the filing of the complaint. [Cit.]" It follows that any claim [appellee] may have based on damages sustained within less than four years of any continuing trespass or nuisance is a matter of abatement and is not subject to substantive adjudication.

*Maxwell v. City of Chamblee*, 212 Ga. App. 135, 136-137 (1) (441 SE2d 257) (1994). This court granted the City's petition for certiorari to consider whether the failure to give the written ante litem notice required by OCGA § 36-33-5 would bar appellee's claim for damages which occurred more than six months, but less than four years prior to the filing of the complaint.

OCGA § 36-33-5 (b) requires, as a condition precedent to bringing suit against a municipal corporation for damages resulting from injuries to person or property, that the claim shall have been presented to the municipal authorities within six months of the "happening of the event upon which" the claim is predicated. *Saunders v. City of Fitzgerald*, 113 Ga. 619, 620 (38 SE 978) (1901). See also *Stambaugh v. City of Demorest*, 221 Ga. 527, 528 (2) (145 SE2d 539) (1965); *Brown v. City of Chamblee*, 211 Ga. App. 145, 148 (2) (438 SE2d 396) (1993). OCGA § 36-33-5 is not itself a six-month statute of limitations and does not curtail the applicable two-year or four-year period of limitations. See *City of Rome v. Rigdon*, 192 Ga. 742, 745 (16 SE2d 902) (1941). Rather, OCGA § 36-33-5 simply establishes that the time for satisfying the condition precedent of giving ante litem notice is limited to the six-month period which begins to run from "the happening of the event upon which" the claim is predicated. Thus, if the requisite ante litem notice has been given within the applicable six-month period, suit can thereafter be brought at any time within the applicable period of limitations. If, however, the requisite ante litem notice has not been given within the six-month period, suit cannot thereafter be brought even though the applicable period of limitations has not expired.

A claim for continuing trespass, such as appellee's, is predicated upon the happening of a continuous series of "events." "Where a trespass is continuing in nature, such as is the one here, a new cause of action arises daily. . . . [Cits.]" *Gleaton v. City of Atlanta*, 131 Ga. App. 399, 402 (3) (206 SE2d 46) (1974). See also *Scott v. Dudley*, 214 Ga. 565, 567 (2) (105 SE2d 752) (1958). Thus, each day that the trespass continues necessarily begins another six-month period during which ante litem notice must be given pursuant to OCGA § 36-33-5. So long as ante litem notice is given to a municipal corporation within six months of the happening of any continuing trespass "event," an action for trespass may thereafter be brought within four years of the

happening of that "event." However, when an ante litem notice is given to a municipal corporation within six months of the happening of any continuing trespass "event," a subsequent suit would not necessarily be timely as to any act of trespass occurring earlier than six months prior to the notice. Without any ante litem notice having been given to the municipal corporation within six months of that prior "event," no action for trespass could be based thereon.

Any other construction of OCGA § 36-33-5 would rob that statute of its meaning and frustrate fulfillment of its purpose, which is to afford city officials the opportunity to take proper steps to abate a continuing nuisance or trespass before the effects thereof become great or far-reaching. See *City of Gainesville v. Moss*, supra at 715, 716 (1, 2) (wherein *Vickers* was followed but criticized). Indeed, the claimant could keep the continuing trespass a secret from the municipality until the four-year statute of limitations had almost run. See *City of Gainesville v. Moss*, supra at 718 (Felton, C. J., dissenting).

A contrary construction was given to OCGA § 36-33-5 in *Vickers*. However, that contrary construction is inconsistent with the construction given to OCGA § 36-11-1 by our appellate courts, although "the objects and purposes of the two statutes are similar. [Cit.]" *Davis v. Cobb County*, 65 Ga. App. 533, 535 (1) (15 SE2d 814) (1941). OCGA § 36-11-1 provides, in relevant part, that "[a]ll claims against counties must be presented within 12 months after they accrue or become payable or the same are barred." Having given the 12-month notice required by OCGA § 36-11-1, a property owner who incurs damage as the result of a continuing nuisance or trespass maintained by a county is thereafter entitled, within the applicable four-year period of limitations, to recover those damages incurred during the 12 months preceding the giving of the notice. *Reid v. Gwinnett County*, 242 Ga. 88, 89-90 (249 SE2d 559) (1978). The recovery of any damages incurred prior thereto would be barred, where no notice of a claim therefor was given to the county in accordance with the provisions of OCGA § 36-11-1, even though the suit is brought within four years of the actionable "event." *DeKalb County v. McFarland*, 223 Ga. 196, 200 (2) (154 SE2d 203) (1967); *Nalley v. Carroll County*, 135 Ga. 835, 837-838 (70 SE 788) (1911). Therefore, when OCGA § 36-33-5 is properly construed in pari materia with OCGA § 36-11-1, it would necessarily follow that, upon giving the six-month notice required by OCGA § 36-33-5, a property owner who incurs damage as a result of a continuing nuisance or trespass maintained by a municipality is entitled, within the four-year period of limitations, to recover only those damages incurred during the six months preceding the giving of such notice. The recovery of any damages incurred prior thereto would be barred, where no timely notice of a claim therefor was given in accordance with the provisions of OCGA § 36-33-5.

Accordingly, *Vickers v. City of Fitzgerald*, supra at 483 (5), is hereby overruled to the extent that it is inconsistent with our holding in this case. Likewise, *City of Gainesville v. Moss*, supra at 716 (2), is also overruled. Consequently, because appellee failed to give *any* written ante litem notice prior to the filing of the complaint and thus entirely failed to fulfill the condition precedent to maintaining this suit as required by OCGA § 36-33-5, summary judgment in favor of the City was proper as to appellee's claim for damages resulting from any continuing trespass "event" which occurred *more than* six months prior to the filing of the complaint. Any claim that appellee may have for damages resulting from a continuing trespass "event" which occurred *within* six months of the filing of the complaint would be subject to a plea in abatement, rather than a motion seeking substantive adjudication. See *Jones v. City of Austell*, 166 Ga. App. 808, 810 (305 SE2d 653) (1983).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED NOVEMBER 21, 1994.

*Jenkins & Eells, Kirk R. Fjelstul*, for appellant.
*Richardson & Chenggis, George G. Chenggis, Sullivan, Hall, Booth & Smith, Jeffrey T. Wise*, for appellee.