**FIFTH DIVISION**
**BROWN, C. J.,**
**RICKMAN, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**June 2, 2026**

# In the Court of Appeals of Georgia

A26A0382. JONES v. CITY OF ATLANTA.

BROWN, Chief Judge.

Angela Jones filed a personal injury action against the City of Atlanta, which the trial court dismissed based on deficiencies in her ante litem notice. Jones appeals from the trial court's order, arguing that she substantially complied with the notice requirements. Finding no error, we affirm the dismissal.

Before a party may bring an action against a municipality, it must give the city notice, i.e., ante litem notice. OCGA § 36-33-5(a). See also *Pickens v. City of Waco*, 352 Ga. App. 37, 37–38 (833 SE2d 713) (2019). OCGA § 36-33-5, which governs the ante litem requirements, pertinently provides:

(a) No person, firm, or corporation having a claim for money damages against any municipal corporation on account of injuries to person or

property shall bring any action against the municipal corporation for such injuries, without first giving notice as provided in this Code section.

...

(f) A claim submitted under this Code section shall be served upon the mayor or the chairperson of the city council or city commission, as the case may be, by delivering the claim to such official personally or by certified mail or statutory overnight delivery.

Providing the ante litem notice in the manner required by the statute is a condition precedent to bringing suit on the claim. See *City of Chamblee v. Maxwell*, 264 Ga. 635, 636 (452 SE2d 488) (1994). "A challenge to the sufficiency of the ante litem notice provided in a given case may be properly raised in a motion to dismiss." *Pickens*, 352 Ga. App. at 38.

> We review the grant of any motion to dismiss de novo, and a motion to dismiss should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof. We construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in the plaintiff's favor.

*Harrell v. City of Griffin*, 346 Ga. App. 635, 636 (816 SE2d 738) (2018) (citation and punctuation omitted).

The record shows that Jones filed a personal injury action against the City, alleging that on August 31, 2023, she tripped and rolled her ankle due to cracks on the sidewalk while walking to a MARTA bus stop on Peachtree Road in Atlanta. Jones's ante litem notice, which she attached to her complaint and sent via certified mail, was addressed to "Mayor Andre Dickens, City Hall Tower, 55 Trinity Street, S.W., Suite 5000, Atlanta, GA 30303" and provided as follows:

(a) Name of the City Government entity involved: City of Atlanta.

(b) Time: During the day.

(c) Place: On the sidewalk leading to the parking area of 2915 Peachtree Rd., Atlanta, GA 30305, as depicted in the attached photographs.

(d) Nature of Loss Suffered: Broken leg and pain throughout the body.

(e) Amount of Loss Claimed: Ms. Jones is receiving on-going treatment.... Ms. Jones seeks to recover ... [$500,000], for her medical bills, loss of income, pain and suffering in the past, present, and future,

cost of future care, and all other damages permissible under Georgia Law.

(f)     Acts or omissions which caused the loss: The City failed to inspect and properly maintain the sidewalk....

(Emphasis omitted.) The City filed its answer, asserting the failure to state a claim as an affirmative defense, and a motion to dismiss, alleging Jones's ante litem notice was defective. Specifically, the City argued that Jones failed to include the correct address, the specific amount of monetary damages being sought, and the time of the incident.[1] Jones opposed the motion, and the trial court summarily granted the motion to dismiss for failure to comply with the ante litem notice pursuant to OCGA § 36-33-5. This appeal followed.

We turn first to the issue of the incorrect address as it is dispositive. Jones's ante litem notice contained the correct street address but the wrong suite number. Jones served the ante litem notice to "Suite 5000" when the Mayor's Office is in Suite 2400, which is reflected on the Notice of Claim form attached to Jones's ante litem notice. Citing *Fleureme v. City of Atlanta*, 322 Ga. 180, 185(2)(a) (917 SE2d 593)

---

[1] The City also argued that it was immune from suit but that defense is not at issue in this appeal.

(2025), Jones argues that she substantially complied with the ante litem statute despite the improper suite number. We disagree.

In *Fleureme*, the Supreme Court considered "whether the statutory requirement to serve an ante litem notice on 'the mayor' may be satisfied by mailing to the correct mailing address a notice that is addressed to the 'Office of the Mayor,'" 322 Ga. at 181(1), "rather than to the mayor by name." Id. at 181(2)(a). Reflecting on the statute, the Court explained that its purpose is to ensure that "a municipality knows about a potential tort claim and has a chance to settle it before a lawsuit is filed." Id. at 182(2)(a). Accordingly,

> [s]ubsection (f), the service requirement, must be read in light of this focus on giving the "governing authority" notice of a claim and a chance to resolve it. Read in that way, the service requirement can only reasonably be understood as a requirement that specifies how to get notice to the governing authority.

Id. (punctuation and emphasis omitted). The Court held that "[a] plaintiff suing a municipality may satisfy the service requirement for the ante litem notice by mailing the notice *to the address where the mayor works* and addressing it to the 'Office of the Mayor.'" Id. at 186(2)(b) (emphasis added). The *Fleureme* court further explained

that although "[s]ubstantial compliance means that 'absolute exactness need not be had,' ... it still requires 'substantive' compliance with the statute. A notice that is not even calculated to be 'delivered' to the office of the officials expressly specified in subsection (f) would not substantially comply with its service requirement." Id. at 187(2)(b) (citation, punctuation, and emphasis omitted).

In light thereof, we reject Jones's argument that *Fleureme* authorizes the delivery of the ante litem notice to the correct street address but the wrong suite number, as such a notice is not calculated to be delivered to the official specified in OCGA § 36-33-5(f). Cf. *Okeke v. City of Atlanta*, 377 Ga. App. 817 (923 SE2d 482) (2025) (plaintiff's ante litem notices failed to substantively comply with OCGA § 36-33-5(f) in that notices were addressed and delivered to the City's chief operating officer and a City attorney within the Mayor's Office). We need not address Jones's remaining arguments as the trial court was authorized to dismiss the case based solely on this failure to comply with ante litem requirements.

*Judgment affirmed. Rickman, P. J., and Mercier J. concur.*