### CITY OF COLUMBUS *v.* MCDANIEL *et al.*

1. Inasmuch as a municipality is not, since the passage of the act of December 20, 1899, subject to suit on a claim of the character therein mentioned until after the same has been duly presented in writing to the municipal authorities for adjustment, it is imperative that one instituting an action to enforce the payment of such a claim shall in his petition affirmatively allege full compliance with the requirements of that act.    *Saunders* v. *Fitzgerald,* 113 *Ga.* 619.    But the plaintiff is under no obligation to encumber his pleadings by setting forth in his petition, or attaching thereto as an exhibit, an exact copy of the written demand made upon the defendant corporation, since it merely affords evidence of his right to presently prosecute his suit, and is in no sense an instrument to be declared on as giving rise to his cause of action.

2. While, on the trial of an action to recover damages on account of an alleged diminution in market value of a city lot, caused by changing the grade of a street on which the lot abuts, it is competent to show the value of other abutting lots similarly affected (*Hurt* v. *Atlanta,* 100 *Ga.* 274), the fact that the owner of one of these lots had been unable to secure a purchaser for it before the change in the grade of the street was made, but had subsequently sold it, is of no evidentiary value as tending to show that property in the neighborhood had been benefited, rather than injuriously affected, by improving the grade of the street.

117 823
Case 2
124 368

3. The verdict in favor of the plaintiffs was fully warranted by the evidence, and was certainly not excessive. Though the charge of the court with respect to the tests to be applied by the jury in determining whether the plaintiffs' premises had been subjected to injury was not altogether accurate, yet, taken as a whole, it fully and fairly submitted to the jury the controlling issue in the case, viz., whether the change in the grade of the street had or had not caused a depreciation in the market value of the property claimed to have been thereby injuriously affected ; and there was no error committed by the presiding judge which would justify this court in ordering another trial of the case.      *Judgment affirmed. All the Justices concur.*

Argued June 5, — Decided June 27, 1903.

Action for damages. Before J. H. Martin, judge pro hac vice. Muscogee superior court. July 31, 1902.

*T. T. Miller,* for plaintiff in error. *Hatcher & Carson,* contra.