SOUTHERN GROCERY STORES INC. *v.* CHILDS, trustee.

No. 8891. June 15, 1932.

*Harold Hirsch, Marion Smith,* and *M. E. Kilpatrick,* for plaintiff in error.

*Branch & Howard,* contra.

GILBERT, J. ■ This bill of exceptions was sued out by Southern Grocery Stores Inc., and that corporation is the only complaining defendant affected by the judgment. An examination of the petition discloses that the sufficiency or insufficiency of the allegations of the petition to set out a cause of action against Southern Grocery Stores Inc. depends upon the allegation that "the said Hudson and the said Allen were acting in the matters set forth in the petition, and participating in the organization and operation of the Paramount Dairy Company and in all of the matters and things complained of in the original petition, both for themselves individually and as officers and agents of said Southern Grocery Stores Inc., and they were acting within the scope of their authority as officers and agents of said Southern Grocery Stores Inc. in said matter." There was a special demurrer to this allegation, contending that it was insufficient to show liability of the Southern Grocery Stores Inc., or that the alleged officers and agents acted within the scope of their authority.

For present purposes it may be conceded that the petition, in all other respects, was sufficient to set out a cause of action as against general demurrer. Accepting the allegations as true, there is nothing in the entire petition that shows liability on the part of Southern Grocery Stores, unless the petition sufficiently pleads that the officers and agents of that corporation were acting within the scope of their authority in organizing Paramount Dairy Company. A bare allegation that the officers of one private corporation chartered for the purpose of carrying on a specified business were acting within the scope of their authority in securing the incorporation of another and distinct corporation is not legally sufficient to withstand a special demurrer calling for more specific in-

formation. "A corporation is an artificial person created by law for specific purposes, the limit of whose existence, powers, and liabilities are fixed by the act of incorporation, usually called its charter." Civil Code (1910), § 2188. "All corporations have the right . . to purchase and hold such property, real or personal, as is necessary to the purpose of their organization, and to do all such acts as are necessary for the legitimate execution of this purpose." Civil Code (1910), § 2216. While one private corporation may in some circumstances acquire and own the stock in another, it can not be held that such is in the ordinary and usual course of business. The officers of such a private corporation can not, without authority of the corporation, use its funds for the purpose of organizing another and different corporation.

It is not necessary to state here all of the different ways in which such corporate authority may be shown. It is sufficient to say it may be found in the charter itself, in the by-laws, or by corporate action appearing upon the minutes; and in some instances it may be shown by ratification. It is not to be inferred that the instances stated are exhaustive of all methods. Whatever the authority may be, where one private corporation is sued and the right of recovery is dependent upon showing that the officers were acting within the scope of their authority in using the capital of such private corporation to charter and organize a different corporation, it is essential to state more than is alleged in this petition. Some facts should be stated in order to show how and in what way the authority was conferred by the corporation upon its officers. It can not be held as a matter of law that the incorporating and organization of a dairy company were necessary for the legitimate carrying into effect of the objects for which "Southern Grocery Stores Inc." was incorporated. The statute specifically prescribes, as quoted above, that corporations shall hold such property as is necessary in legitimately carrying into effect the purposes of their organization, the powers of which are fixed in its charter. *Harriman* v. *First Bryan Baptist Church,* 63 *Ga.* 186 (36 Am. R. 117). The court therefore erred in overruling the special demurrer to the allegations quoted above.

■ The second headnote need not be elaborated.

*Judgment reversed. Russell, C. J., Beck, P. J., and Atkinson and Hill, JJ., concur.*