29991. CALLAWAY, trustee, *v.* QUALITY MOTORS INC.

DECIDED MAY 7, 1943. REHEARING DENIED JUNE 26, 1943.

*T. M. Cunningham, Julian C. Sipple,* for plaintiff.
*Connerat, Hunter & Cubbedge,* for defendant.

STEPHENS, P. J. Merrel P. Callaway, as trustee of the property of Central of Georgia Railway Company, instituted suit against Quality Motors Inc., and alleged in substance as follows: The defendant is indebted to the plaintiff in the sum of $666.25 and interest "for hospital services and medicines furnished Joseph D. Todd, who was injured, March 27, 1940, at defendant's place of business in Savannah, Georgia, while in the employ of defendant as a mechanic," as shown by itemized statement attached. Todd was brought in a critical condition to the "Central of Georgia Hospital," on the above alleged date, by E. B. Truitt "as manager of the used-car department of defendant," in which department Todd was employed at the time of his injury. Truitt, "acting within the scope of his authority," stated to the plaintiff's representatives at the hospital "on behalf of defendant that defendant assumed responsibility for and would pay all charges incurred at the hospital for services rendered to said Todd in connection with said injury, and said Todd was admitted to the hospital and treated there on that understanding." . . "The statement herein referred to was made by the said Truitt to one B. I. Brown. The said Brown is employed by plaintiff at the

hospital. It is a part of his duties to arrange with patients who are about to be admitted to the hospital, or with those who bring them there, as to who will be responsible for the charges incurred by or for them while in the hospital. He is also the general bookkeeper at the hospital and looks after its accounts and the collection of its bills." Demand had been made on the defendant for payment of the indebtedness but payment had not been made. The plaintiff prayed for judgment in the amount of indebtedness alleged.

The defendant filed a general demurrer to the petition, and a special demurrer to the allegations that Truitt, "acting within the scope of his authority," stated to the plaintiff's representatives at the hospital "on behalf of the defendant" that the defendant assumed responsibility for and would pay all charges incurred at the hospital for services rendered to the injured man, on the ground that there were not sufficient facts alleged in this paragraph or elsewhere in the petition to show that Truitt was authorized to "pledge the credit of this defendant corporation for services rendered to the said Todd." The court sustained both the general and the special demurrers. Other special demurrers were met by amendment, and were overruled.

The above allegations to which a special demurrer was filed and sustained are to the effect that Truitt was an employee and agent of the defendant, and in bringing the injured man to the hospital and stating to the plaintiff's representatives at the hospital that the defendant would pay all charges incurred at the hospital for services rendered to the injured man in connection with his injuries did so for and in behalf of the defendant, and in so doing acted within the scope of his authority as agent of the defendant to bind the defendant to pay for such services. Therefore these allegations are not subject to the special demurrer on the sole ground that it does not appear that Truitt was authorized to pledge the credit of the defendant for the services rendered the injured man. "An averment that the agent was 'duly authorized' to act for his principal is not objectionable as being a conclusion." *Kiser Co.* v. *Padrick,* 30 *Ga. App.* 642 (13) (118 S. E. 791). To the same effect, see *Southern Grocery Stores* v. *Herring,* 63 *Ga. App.* 267 (11 S. E. 2d, 57).

The ruling here made is not in conflict with *Southern Grocery*

*Stores Inc.* v. *Childs,* 174 *Ga.* 888 (164 S. E. 766), where it was held that "an allegation in a petition seeking a recovery against individuals and a corporation in which they are officers, that such officers were acting within the scope of their authority in incorporating, organizing, and conducting another corporation, is subject to special demurrer calling for facts upon which such allegation is based," there was presented a question of the power and authority of one corporation through its officers to incorporate, organize and conduct another corporation. In the opinion in that case the court stated: "A bare allegation that the officers of one private corporation chartered for the purpose of carrying on a specified business were acting within the scope of their authority in securing the incorporation of another and distinct corporation is not legally sufficient to withstand a special demurrer calling for more specific information." In the special demurrer in the case here there is presented no question as respects the scope of the powers of the defendant to bind itself to pay for the hospital or medical services rendered to one of the corporation's employees. The sole question presented by the special demurrer is that the allegations in the petition are insufficient to show that Truitt, as an agent of the corporation had authority, as such agent, for and in behalf of the corporation, to bind the corporation for payment of the services rendered, whether or not the corporation could, within the scope of its corporate powers, bind itself to pay for such services.

While it is not alleged specifically in the petition as amended that the plaintiff owned or operated the Central of Georgia Hospital, or that the services which were rendered were rendered by the plaintiff, it is alleged that the alleged contract by the defendant through its alleged agent, Truitt, was made with petitioner's representative at the hospital, and that the representative of the plaintiff at the hospital, with whom the alleged contract was made, was employed by the plaintiff at the hospital, and it was among his duties to arrange with patients who were about to be admitted to the hospital, or with those who bring them there, as to who will be responsible for the charges incurred. These allegations, when taken in connection with the general allegations that the defendant was indebted to the plaintiff for hospital services and medicines furnished the injured person by the hospital, set out

a cause of action in behalf of the plaintiff against the defendant for the recovery of $666.25 for the medical and hospital services actually rendered, as alleged, by the hospital to the injured person, unless by virtue of the provisions of the workmen's compensation act the plaintiff would be limited to a recovery only of the amount which, under the terms of the workmen's compensation act, would be chargeable against the defendant for medical or hospital services, which would be a sum much less than that sued for.

Assuming that the defendant and the injured man, who was injured while in the employment of the corporation, were at the time subject to the provisions of the workmen's compensation act, the provisions of that act which authorize an award against the employer of a sum for medical and hospital services rendered the employee on account of an injury which is compensable under the act, does not preclude the making by the employer of a special contract with hospital authorities to pay for the medical or hospital services which may be rendered to the injured person notwithstanding the cost of such services may be in excess of any amount for medical or hospital treatment which may be awarded against the employer under the provisions of the workmen's compensation act.

The petition set out a cause of action as against the demurrers.

*Judgment reversed. Sutton and Felton, JJ., concur.*