21994. IRBY et al. v. LAMB et al.

Submitted March 12, 1963—Decided May 9, 1963.

*Marshall L. Fountain,* for plaintiffs in error.
*H. Scott Schmid,* contra.

Candler, Justice. On October 23, 1962, Cecil C. Lamb and Alma C. Lamb filed a petition against Oliver Irby which in sub-

stance alleges: They own and with their children occupy a dwelling in Jefferson County. The defendant owns land adjacent to theirs and during July 1962 he wrongfully and injuriously erected two chicken houses on his land near their dwelling in which he has since then kept several thousand chickens at all times. The residue and manure created by such chickens attract vast swarms of files which multiply by millions and such flies migrate throughout the community and enter the home in which petitioners reside. Noxious and offensive odors arise from the garbage, offal and manure at such houses and such odors permeate the atmosphere of the community in which they reside and penetrate their home and render it unwholesome and less inhabitable than it would be otherwise. The loud noise which the defendant's chickens constantly make greatly disturbs and annoys petitioners and the other members of their family and lessens their right to possess and comfortably enjoy their home. Such odors and flies create an unsanitary and unhealthy condition around and in their home, the result of which is a great hurt, vexation and injury to petitioners and their children. Paragraph 8 of the petition alleges that the health of petitioners, and that of their children, has been injured by the defendant's chicken houses, and that they have been "by means of the premises otherwise damaged and damnified" in the amount of $10,000. They prayed for a temporary and permanent injunction restraining the defendant from continuing to maintain such chicken houses and for $10,000 as actual and aggravated or punitive damages.

The petition was demurred to generally on the grounds that it sets out no cause of action because it seeks to enjoin the operation of a lawful business which is not a nuisance per se and alleges no facts which show an improper operation of the business; that petitioners have an adequate remedy at law; that petitioners cannot recover the damages sought; and that petitioners seek to enjoin what they term a public nuisance without alleging or showing any special and actual damage to them. The defendant also demurred to the petition on several special grounds. All of the demurrers were overruled and the defendant excepted.

1. The petitioners allege that their land is adjacent to land owned by the defendant and that the chicken houses which the defendant erected and has on his land are near their home. By special demurrer the defendant called on the petitioners to allege the distance between their home and his chicken houses. This ground of his demurrer was overruled and we think erroneously so since this was a fact which he was entitled to have alleged.

2. The petition also alleges that the defendant during July 1962 "wrongfully and injuriously" erected on his land two chicken houses. This allegation was specially demurred to on the ground that it is a mere conclusion of the pleaders which is unsupported by any fact alleged in the petition. This ground is meritorious and the judge erred in overruling it. A conclusion without allegations of facts to authorize or support it is subject to special demurrer. *Gurr v. Gurr*, 198 Ga. 493, 502 (32 SE2d 507).

3. Paragraph 7 of the petition alleges that the flies which migrate from the defendant's chicken houses and enter petitioners' residence create an unsanitary and unhealthy condition, causing petitioners and their children great hurt, vexation and injury. This allegation was demurred to specially on the ground that it fails to allege how or to what extent plaintiffs and their children were thereby hurt, vexed and injured, such information being necessary for a proper preparation of his defense. It was erroneous to overrule this ground of demurrer. The defendant was entitled to the information thus called for. A pleader is always required to plainly, fully and distinctly set forth his cause of action. *Code* § 81-101.

4. Paragraph 8 of the petition alleges that the health of petitioners and that of their children have been injured by the defendant's chicken houses and that they have been "by means of the premises otherwise damaged and damnified" in the amount of $10,000. This paragraph was specially demurred to by the defendant on the ground that it fails to allege how or in what way petitioners were "otherwise damaged or damnified" by the presence and operation of two chicken houses on his land or how they arrived at the amount of $10,000 as damages. This allega-

tion was subject to the attack made on it. Facts should be alleged in a petition for damages on which the jury can base a verdict awarding damages. *Nichols v. Pirkle*, 202 Ga. 372 (43 SE2d 306. Hence, the court erred in overruling this ground of demurrer.

5. The court having erred in overruling the special demurrers mentioned above, the petition as a whole must be construed as if those demurrers had been sustained. See *Southern Grocery Stores, Inc. v. Childs*, 174 Ga. 888 (164 SE 766). So viewing the petition, it was insufficient to withstand the general demurrers. When thus considered, it simply alleges that the defendant is raising chickens on his own land which is, of course, a lawful business and there is no allegation of an improper location of his chicken business or any negligence in the manner and way in which such business is being conducted by him.

*Judgment reversed. All the Justices concur.*