22081. THOMPSON v. CITY OF ATLANTA.
22082. WHEELER v. CITY OF ATLANTA.
22083. ALBEA v. CITY OF ATLANTA.
22084. DYER et al. v. CITY OF ATLANTA.
22085. ROHRBAUGH et al. v. CITY OF ATLANTA.

ARGUED JUNE 10, 1963—DECIDED JULY 12, 1963.

*Chas. H. Bruce, Henry M. Henderson,* for plaintiffs in error.

*J. C. Savage, Robert S. Wiggins,* contra.

MOBLEY, Justice. ■ In ground 23 of its demurrers, the City of Atlanta demurred generally to any and all portions of the petitions seeking money damages from defendant on the ground that the petitions did not affirmatively show that the ante litem notice required by *Code Ann.* § 69-308 was given to defendant. That section provides in part that "No person, firm or corporation, having a claim for money damages against any municipal corporation on account of injuries to person or property, shall bring *any suit at law or equity* against said municipal corporation for the same, without first, and within six months of the happening of the event upon which such claim is predicated, presenting in writing such claim to the governing authority of said municipality for adjustment, stating the time, place, and extent of such injury, as nearly as practicable, and the negligence which caused the same, and no such suit shall be entertained by the courts against such municipality until the cause of action therein shall have been first presented to said governing authority, for adjustment." (Emphasis added). The Code section states plainly

and unequivocally that the notice therein required shall be given in *any suit at law or equity* wherein plaintiff claims from a municipality money damages on account of injuries to his person or property. The words "any suit" clearly mean that in *every* suit wherein such damages are sought, notice shall be given. The petitions allege that severe noises, vibrations, and air wave concussions from airplanes taking off and landing at the Atlanta Municipal Airport have injured plaintiffs' residential properties in enumerated ways and, further, have caused certain enumerated personal injuries to plaintiffs and their families. Money damages are sought from the City of Atlanta on account of these alleged injuries. The trial court properly sustained the twenty-third ground of demurrer and dismissed the petitions insofar as they seek to recover damages for injuries to persons and properties. *Saunders v. City of Fitzgerald,* 113 Ga. 619 (38 SE 978); *City of Columbus v. McDaniel,* 117 Ga. 823 (1) (45 SE 59); *Langley v. City Council of Augusta,* 118 Ga. 590, 592 (11, 12) (45 SE 486, 98 ASR 133); *Marks v. City of Rome,* 145 Ga. 399, 400 (3) (89 SE 324); *Vickers v. City of Fitzgerald,* 216 Ga. 476, 477 (5) (117 SE2d 316).

■ The ruling in Division 1 that the petitions insofar as they seek money damages are subject to general demurrer for failure to allege that the notice required by *Code Ann.* § 69-308 was given to the City of Atlanta leaves for decision the question of whether or not the petitions state a cause of action for injunctive relief against the city. In our opinion they do not because they fail to allege any causal connection between the operation of the airport by the City of Atlanta and the alleged injuries suffered by plaintiffs.

Plaintiffs allege that the city for fees and other compensation operates its airport for the use of jet-propelled airplanes which land and take off therefrom; that plaintiffs' properties are located in very close proximity to the airport and are so close thereto that the airplanes using the airport take off and land at such low altitudes as to render their properties almost useless as residences; that the severe noises, vibrations, and air wave concussions created by said airplanes cause personal injuries to plaintiffs and their families; that the jet-propelled aircraft operations to and from

the airport have been carried on continuously since September 1959 and are ever increasing; that these aircraft operations constitute a taking of an easement to their properties for which they have not been compensated and in addition amount to a nuisance which has injured their persons and properties.

Wheeler, by amendment, alleges that "because of improvements being made on other runways, almost the entire operations of jet aircraft, in landing and taking off, have been over the west-east runway, so that the aircraft takes off and lands immediately above subject property at an altitude of some fifty to one hundred feet above subject property."

The petitions do not state a cause of action under the doctrine of Griggs v. Allegheny County, 369 U.S. 84 (82 SC 531, 7 LE2d 585), or the doctrine of *Thrasher v. City of Atlanta*, 178 Ga. 514 (173 SE 817), *Delta Air Corp. v. Kersey*, 193 Ga. 862 (20 SE2d 245, 140 ALR 1352), and *Scott v. Dudley*, 214 Ga. 565 (105 SE2d 752), because they fail to show that the defendant operated the airplanes, or did anything at any time to require or compel the airplanes to pass over the properties of plaintiffs in the manner alleged, or is any way responsible therefor.

The Wheeler case petition as amended alleges that because of improvements being made on other runways almost all flights have been over the east-west runway so that the aircraft pass immediately over the property at some fifty to one hundred feet, but there is no allegation of facts to show that the city has done anything to require or compel the use of that runway pending improvements on other runways, much less that the city has required or compelled its use in the manner alleged. Therefore the Wheeler case does not require separate treatment from the other four cases. In each of the five cases the trial court did not err in sustaining the first ground of demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*