22241. DYER v. CITY OF ATLANTA.
22242. LETTEER v. CITY OF ATLANTA.
22243. BURDETTE v. CITY OF ATLANTA.
22244. BRASWELL v. CITY OF ATLANTA.
22245. BARRER v. CITY OF ATLANTA.
22246. BARWICK v. CITY OF ATLANTA.

MOBLEY, Justice. The language of all six of the petitions here under consideration is identical, except for the names and addresses of the plaintiffs. Thus, one opinion will dispose of the six cases.

The petitions are brought in two counts. In each count petitioners pray for temporary and permanent injunction enjoining the defendant from continued operation of its airport in violation of the rights of petitioners and for damages allegedly suffered. The trial court sustained general demurrers to both counts and dismissed the petitions in each of the six cases. The exceptions are to those rulings.

1. Count II of the petitions is couched verbatim in the language of the petitions in *Thompson v. City of Atlanta*, 219 Ga. 190 (132 SE2d 188), where this court held that the petitions did not state a cause of action and affirmed the judgment of the trial court sustaining general demurrers to the petitions. Count II is controlled by the ruling there made, and thus the

trial court properly sustained the general demurrers to count II in each of the cases.

2. Thus is left for decision the question of whether count I of the petitions states a cause of action for money damages and equitable relief. We are of the opinion that the petitions do not state a cause of action against the City of Atlanta and that the trial court properly sustained the general demurrers.

The gist of count I is that the City of Atlanta maintains and operates the Atlanta Municipal Airport and that "said airport now is and constitutes a continuing nuisance" which has injured and is injuring plaintiffs, for which they ask damages and abatement of the nuisance.

The allegations in support of petitioners' theory that the city is maintaining a nuisance are that the airlines operate their airplanes in landing and taking off at the airport at low altitudes, as low as 25 to 50 feet above petitioners' houses, causing loud noises and vibrations which injure petitioners, their families, and their property; that partially burned fuel which is emitted from the airplanes falls on and injures petitioners' property and the health of petitioners and their families; and that dust, fumes, and odors which result from described operation of airplanes at the airport injure petitioners.

While the petitions allege the "illegal and improper operation" of the airport, and that such operation is unnecessary, all the acts complained of are those of the airlines in the operation of their airplanes. It is not alleged that the city has done anything or failed to do anything by design and construction of the airport or otherwise to require, cause, or make necessary the low flights over plaintiffs' property causing loud noise and vibrations, or to cause the airplanes to emit partially burned fuel, or to cause dust, odors, and noxious fumes to emanate from the airplanes. The allegations that the jet airplanes and other aircraft are left running and tested for long periods of time closely adjacent to plaintiffs' homes causing dust, noxious odors and fumes unnecessarily to emanate therefrom are as to the acts of the owners and operators of the airplanes. It is not alleged that the city is owner or operator of such airplanes. The only charge against the city is that these acts are committed on its airport, which without more alleges no responsibility of the city therefor.

The operation of the airport is pursuant to and in accordance with statutory authorization granted in Ga. L. 1927, pp. 779,

780, and the maintenance of the airport can not be a nuisance per se. *Thrasher v. City of Atlanta*, 178 Ga. 514 (173 SE 817). For there to be any actionable nuisance, it must be shown that the matters complained of do not follow naturally and of necessity from the operation itself. *Delta Air Corp. v. Kersey*, 193 Ga. 862 (20 SE2d 245, 140 ALR 1352); *Scott v. Dudley*, 214 Ga. 565 (105 SE2d 752).

If there are acts complained of which do not fall into the category of those flowing naturally and of necessity from the operation of the airport, the petitions fail to allege facts which show that the city is responsible in some way therefor. Since the petitions fail to show that the city committed the acts which are alleged to constitute a nuisance, and fail to allege that the city is responsible for the commission of any acts which do not follow naturally and of necessity from the operation of the airport, a cause of action for maintenance of a nuisance by the city is not shown. Accordingly, the trial court properly sustained the general demurrers to count I.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 13, 1963—DECIDED JANUARY 10, 1964.

*Walter B. Fincher*, for plaintiffs in error.
*Robert S. Wiggins*, contra.