22967. CITY OF ATLANTA v. DONALD.

ARGUED JUNE 15, 1965—DECIDED JULY 8, 1965.

*Henry L. Bowden, Robert S. Wiggins,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, James N. Frazer, B. D. Murphy,* for party at interest not party to record.

*Peek, Carr, Whaley & Blackburn, Glenville Haldi,* contra.

CANDLER, Presiding Justice. On September 6, 1963, Mrs. Inez E. Donald filed suit against the City of Atlanta and several named aviation companies. She later amended her petition by eliminating therefrom all of the defendants except the City of Atlanta. The amendment also struck paragraphs 2 through 44 of her original petition and substituted in lieu thereof new paragraphs which in substance allege: The City of Atlanta owns certain real property in Fulton and Clayton Counties, Ga., which is known as the Atlanta Municipal Airport and which is used by it as an airport for freight and passenger aircraft. It has used it for such purpose continuously for approximately 30 years and was authorized to so use it by an Act approved August 23, 1927 (Ga. L. 1927, p. 779). From the defendant's airport, several airline companies operate commercial jet aircraft. The defendant city exercises general supervision and control over its airport through a paid manager and the Aviation Committee of its board of aldermen. During September 1955, petitioner purchased certain realty in Fulton County for the personal use of herself and family as a residence. On or about November 1, 1961, the city enlarged its airport facilities and extended one of its runways in order to permit newly inaugurated jet aircraft to use its airport. At that time several airline companies began to use defendant's airport facilities to accommodate the takeoff and landing of commercial jet aircraft. The noise, smoke, dust, obnoxious odors and vibrations resulting from flights of jet planes over her home at an altitude of from 100 to 200 feet, both during the day and during the night, every day of the week including Sundays, holidays and other periods of normally suspended business activities, rendered her home completely useless and dangerous for residential purposes, so much so that she abandoned it on March 1, 1962, and took up residence elsewhere. The acts and things complained of have depreciated the market value of petitioner's property $13,000 and judgment for that amount is sought. A second amendment to the petition alleges that the low, frequent and unabated flights of jet aircraft di-

rectly over plaintiff's home and the injury and damage resulting therefrom constitute a taking of her property by the defendant for a public use for which she has not received just and adequate compensation and such taking is violative of her rights under the Fourteenth Amendment to the Constitution of the United States (*Code* § 1-815) and Art. I, Sec. III, Par. I of Georgia's Constitution of 1945 (*Code* § 2-301). The amended petition was demurred to generally on the ground that it failed to state a cause of action for the relief sought. It was also demurred to specially on several grounds. By one order, the trial judge overruled all of the demurrers, general and special.

When the case reached the Court of Appeals for review, all of the special demurrers were abandoned except those numbered 4 and 6. That court held that the trial judge properly overruled the general demurrer and the two grounds of special demurrer which had not been abandoned. See *City of Atlanta v. Donald,* 111 Ga. App. 339 (141 SE2d 560). An application for a writ of certiorari assigning error on the rulings made by the Court of Appeals was granted by this court.

■ Paragraph 12 of the amended petition alleges that the City of Atlanta did on or about November 1, 1961, "extend the runway and enlarge the facilities of its airport in order to permit newly inaugurated commercial jet aircraft to use its airport." The City of Atlanta specially demurred to and moved to strike that portion of this paragraph which alleges that the City of Atlanta did "extend the runway" of its airport on the grounds that such allegation fails to show which runway was extended, in what direction it was extended, the physical relationship between the extended runway and petitioner's property, and whether or not the extension projected it to a point nearer plaintiff's property. It is not alleged in this paragraph or elsewhere in the petition that the city in making the extension of its runway encroached in any way on the petitioner's property or how or in what way such extension injuriously affected her property or subjected it to greater danger from aircraft flights to and from its airport. A pleader is always required to plainly, fully and distinctly set forth his cause of action. *Code* § 81-101. If the change which the City of Atlanta allegedly made to the runway of its airport property in 1961 actually damaged or caused

a resultant damage to petitioner's property, it was incumbent on her to plainly, fully and distinctly allege facts sufficient to show it; and her failure to do so left her petition defective and subject to the attack this demurrer made on the allegation of this paragraph of her amended petition. The Court of Appeals erred in holding that the trial judge properly overruled this ground of special demurrer.

■ Paragraph 17 of the amended petition alleges that for commercial jet aircraft to take off from and land on the defendant's airport, "it is necessary for said aircraft to pass directly over the house and property of your petitioner at a very low altitude of between 100 and 200 feet." The defendant demurred specially to this paragraph, and moved to strike it, on the grounds that: (1) its allegations are a mere conclusion of the pleader without any facts being set forth therein or elsewhere in the petition on which to base such conclusion; (2) its allegations are vague and indefinite because (a) they fail to set forth why or wherein "it is necessary for said aircraft to pass directly over the house and property of your petitioner at a very low altitude of between 100 and 200 feet"; (b) it fails to allege what action or whose action rendered necessary low altitude jet flights directly over petitioner's house and property, and (c) it fails to set forth facts describing the physical relationship between petitioner's property and the runway at its airport in terms of either direction or distance. The attack which the demurrer made on this paragraph of the amended petition is meritorious. The allegation thus attacked is a conclusion of the pleader wholly unsupported by facts alleged in this paragraph or elsewhere in the amended petition. We also think this paragraph of the amended petition is subject to the criticism that its allegations are vague and indefinite for the reasons stated in this ground of the demurrer. It is alleged that petitioner's property is located in Fulton County on Carmical Avenue but there is no allegation in the amended petition as to how far or in what direction her property is from the defendant's airport or that its runway points toward plaintiff's property or extends to a point nearer it. For want of these allegations, it is utterly impossible for this court to determine whether or not it was in fact necessary for aircraft using the defendant's airport to pass directly

over her property at low altitudes as she alleges. This ground of demurrer should have been sustained.

■ Since the special demurrers mentioned above were erroneously overruled, the amended petition must be construed and dealt with as if they had been sustained. See *Southern Grocery Stores, Inc. v. Childs,* 174 Ga. 888 (164 SE 766) and *Irby v. Lamb,* 218 Ga. 840 (131 SE2d 183). And with those allegations eliminated from the amended petition, its facts are in all material respects substantially similar to those alleged in *Thompson v. City of Atlanta,* 219 Ga. 190 (132 SE2d 188) and *Dyer v. City of Atlanta,* 219 Ga. 538 (134 SE2d 585) where it was held that the petitions failed to state a cause of action for injunction and damages. But in this case the plaintiff contends that the City of Atlanta has taken an air easement over her property in violation of the Fourteenth Amendment to the Constitution of the United States (*Code* § 1-815) which provides that no State shall deprive any person of his property, without due process of law and also in violation of Art. I, Sec. III, Par. I of Georgia's Constitution of 1945 (*Code* § 2-301) which provides that private property shall not be taken or damaged, for public purposes, without just and adequate compensation being first paid. As authority for this contention, she cites and relies on United States v. Causby, 328 U.S. 256 (66 SC 1062, 90 LE 1206) and Griggs v. Allegheny County, 369 U.S. 84 (82 SC 531, 7 LE2d 585), but these cases do not support her contention. In Causby, where it was held that the United States had by extremely low aircraft flights over the plaintiff's property taken a compensable air easement within the meaning of the Fifth Amendment to the Constitution of the United States, the record shows that the United States not only owned the aircraft which flew over the plaintiff's property at low altitudes but also controlled, operated and managed the airport under a long-term lease from which such aircraft took off and landed. And in Griggs, where it was held that there had been a compensable taking of an air easement over the plaintiff's property within the meaning of the Fourteenth Amendment to the Constitution of the United States by frequent and low aircraft flights over such property, the record shows that the owner and operator of the airport had constructed and continuously used a runway on its airport, one end

of which pointed directly toward the plaintiff's home; that his home was only 3,250 feet from the end of such runway; that the topography of the ground was such that plaintiff's home was 30 feet higher than the end of such runway; that flight patterns and glide paths which aircraft were required to follow and observe in taking off from and landing on that particular runway of the defendant's airport had been prescribed and fixed; and that the bottom of the glide path for such runway was only 11 and a fraction feet above the chimney of the plaintiff's home. In these circumstances, the Supreme Court of the United States held that the owner and operator of the airport had designed its runway in such fashion as to require planes taking off from and landing on that runway of its airport to pass directly over the plaintiff's home at very low altitudes and had thereby taken an air easement over his property for which he was entitled to compensation. The facts in Griggs clearly distinguish it from the facts of this case.

Here, as in *Thompson* and *Dyer,* supra, the amended petition shows that the City of Atlanta was not the owner of the planes which flew over the plaintiff's property and allegedly damaged it and there is no allegation that the City of Atlanta directed or caused such planes to fly over the plaintiff's property or that it constructed the runway of its airport in such a way as to make it necessary for them to do so. In these circumstances we hold that the amended petition, when stripped of those allegations which should have been stricken on special demurrer thereto, failed to state a cause of action and it was error to overrule the general demurrer interposed thereto.

*Judgment reversed. All the Justices concur.*