**G. W. CREEL, Executor of the Estate of Mrs. W. D. (Carolyn M.) Creel, Appellant,**

v.

**The CITY OF ATLANTA, GEORGIA, Appellee.**

**No. 25535.**

United States Court of Appeals
Fifth Circuit.

Aug. 20, 1968.

James F. Cox, Glenville Haldi, Atlanta, Ga., for appellant.

Henry L. Bowden, James B. Pilcher, Robert S. Wiggins, Associate City Atty., Atlanta, Ga., for appellee.

Before GEWIN and THORNBERRY, Circuit Judges, and EDENFIELD, District Judge.

EDENFIELD, District Judge.

The plaintiff, an owner of real estate adjacent to the Atlanta airport, filed his complaint alleging that the flight of jet aircraft across his residential property rendered it completely useless and dangerous for residential purposes and constituted a taking thereof within the meaning of the Fourteenth Amendment. Jurisdiction was based on the assertion of a federal question (28 U.S.C.A. § 1331) and the complaint prayed for damages but stated no jurisdictional amount. The complaint alleged that the acts complained of began when the defendant City extended its runways and increased jet service from its airport in

---

November, 1961.[1] There also is and has been some litigation between the parties on the same subject in the state courts. It appears from the complaint, for example, that the City originally filed an action in the state court to condemn an "avigation" easement over the property. At the hearing in this court, however, it appeared, and has now been stipulated, that that action was dismissed and that there is now pending in the state courts an action by the City to condemn the property in toto.

Upon motion, the District Court apparently, and properly, concluded that it had jurisdiction to entertain the suit (Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939, 13 A.L.R.2d 383), but then dismissed the complaint on the merits for failure to state a substantial federal question, citing Stanturf v. Sipes, 335 F.2d 224 (8th Cir. 1964); Prairie Band of Pottawatomie Tribe of Indians v. Puckkee, 321 F.2d 767 (10th Cir., 1963); and Mosher v. City of Boulder, Colo., 225 F.Supp. 32 (D.Colo., 1964), saying that the principal and essential issue in the case was one properly for determination by the state courts and that any tangential federal questions in the case should be passed upon by the state court, subject to direct review by the Supreme Court. In view of this dismissal, the District Court found it unnecessary to consider the question of jurisdictional amount.

The correctness of the District Court's determination would thus seem to turn on whether the complaint "really and substantially" invokes a dispute over federal law or whether the federal issue merely lurks in the background. See Johnston v. Byrd, 354 F.2d 982, 984 (5th Cir., 1965); and Stanturf v. Sipes, supra. These cases make it clear that if the federal issue merely lurks in the background, there is no cause of action based on a federal question.

Here, the complaint flatly alleges that the Fourteenth Amendment was violated and the land taken by the repeated flights directly overhead. This would seem to conclusively demonstrate that the Fourteenth Amendment claim was not merely a background issue but instead constituted not only the gist but the whole foreground of the lawsuit. Moreover, at least two cases clearly demonstrate that allegations of such repeated flights, directly overhead, would make out a federal cause of action. See Griggs v. Allegheny County, 369 U.S. 84, 82 S.Ct. 531, 7 L.Ed.2d 585, and United States v. Causby, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206. We conclude, therefore, that the District Court erred in the manner of its disposition of the case. See Bell v. Hood, supra, and Congress of Racial Equality v. Clemmons, 323 F.2d 54, 60 (5th Cir., 1963).[2]

1. This action was filed on April 13, 1967. Thus, treating the action as proceeding on a trespass theory, it would appear to have been barred by the four-year statute of limitations contained in Georgia Code § 3–1001 when it was filed. However, if the complaint is susceptible of being construed as charging a continuing nuisance, this result might be avoided. This question of limitations is not raised in the pleadings here, and under the disposition to be made of the case we do not decide it. See, however, Scott v. Dudley, 214 Ga. 565, 567, 105 S.E.2d 752; City Council of Augusta v. Lamar, 37 Ga.App. 418, 140 S.E. 763; Bibb County v. Green, 42 Ga.App. 552, 156 S.E. 745. As to whether a nuisance may amount to a "taking" in the constitutional sense, see 2 Ga. L.Rev., 92.

2. We also think the foregoing is true despite the failure of the plaintiff to allege the required jurisdictional amount. It appears, as to this issue, that appellant requested leave to amend his pleadings to show the requisite amount if the court concluded that such argument had merit. The District Court never considered this offer, however, because of its dismissal of the complaint on another ground. In the event the matter is litigated further in the District Court (under the disposition to be made of the case), we think complainant should at least be afforded an opportunity to bring his complaint into compliance in this respect, if it can be done.

However, though disagreeing as we do with the District Court's manner of disposing of the case, we nevertheless agree with its comments that the principal and essential issue is one properly for determination by the state courts. Not only is municipal eminent domain ordinarily a local matter, but it is difficult to imagine a situation where more confusion would arise than would be the case if the parties here were allowed to simultaneously pursue both this action and the state condemnation proceeding. In the state proceeding the City seeks to acquire fee simple title, an acquisition which the District Court here has no jurisdiction to grant and has not been asked to grant. Moreover, if the District Court could find jurisdiction, ancillary or otherwise, there is no way to remove the condemnation case here in order that it might be exercised. Presumably, should both suits proceed and should plaintiff prevail, he would be entitled to an award of damages in both courts, one for the remnant value of his fee simple interest and the other for antecedent damages caused by the flights which had already depressed and virtually destroyed the value of his land. In such event, how could either court properly allocate its award without knowledge of or control over what the other court was doing? It follows that, of necessity and in the very nature of things, all of these issues can be intelligently tried only in a single proceeding, and at least until one court has ruled, the other must abstain. We conclude, therefore, that the District Court, though having jurisdiction of the controversy, should have either abstained from exercising such jurisdiction or at least stayed its hand [3] until it becomes clear and apparent that appellant cannot obtain complete relief in the state condemnation proceedings.

In opposition to these suggestions, made at the time of argument, plaintiff urges, however, that under Georgia law he may not be able to maintain his action for flight damage in the state courts under any circumstances, and that in any event he will not be permitted to try both issues in the condemnation proceeding, and that he is therefore helpless unless the federal courts intervene. Under the cases previously cited, nothing can be clearer than that plaintiff is entitled to have his flight damage claim heard somewhere; and if the state court won't hear it, it may be that the District Court will have to resume jurisdiction and grant relief to the extent that plaintiff may be entitled to it at that time. In the meantime, however, the District Court will at least have learned what the final outcome in the state court has been and what award has been entered there, and with this information it may then intelligently proceed if it has to.

In the meantime, we are by no means convinced that such result will befall plaintiff in the Georgia courts. The Georgia constitutional provision relating to eminent domain is more favorable to condemnees than that contained in the constitutions of many states. It provides that:

"Private property shall not be taken, *or damaged,* for public purposes, without just and adequate compensation being *first* paid." Ga.Const., Art. I, § III, par. 1; Ga.Code Ann. § 2–301. (Emphasis added.)

Under such a provision it is inconceivable to us that a Georgia court would not, in the same proceeding, award compensation for both a previous damaging and a final taking where both items of recovery were appropriate.[4]

3. On stay of federal proceedings pending state determination of predominantly local matter, see 1A Moore, Federal Practice, ¶ 0.202 n. 14.

4. Cf., Woodside v. City of Atlanta, 214 Ga. 75, 79, 103 S.E.2d 108, 115, where the court said: "A taking of property for which compensation must be first paid * * * may consist in an interference with the rights of ownership, use and enjoyment, or any other right incident to property."

Plaintiff cites two Georgia cases which he says preclude such solution. First, he cites the case of City of Atlanta v. Donald, 221 Ga. 135, 143 S.E.2d 737, to the effect that damages cannot in any event be awarded in Georgia courts under the facts alleged in this petition because, as the Georgia court said in that case:

" * * * The amended petition shows that the City of Atlanta was not the owner of the planes which flew over the plaintiff's property and allegedly damaged it and *there is no allegation that the City of Atlanta directed or caused such planes to fly over the plaintiff's property. * * * *"
221 Ga. at 140, 143 S.E.2d at 740. (Emphasis added.)

In the first place, the *Donald* case was decided by the Georgia courts in 1965 under the code pleading then in force in Georgia which required the plaintiff to specifically allege every element of his cause of action, and the court there simply held that, measured by this yardstick, the plaintiff's pleadings were insufficient. Since that time Georgia has adopted a system of notice pleading substantially identical with the federal rules, and there is no reason to believe that under such a system of pleading plaintiff would not be allowed to prove, if he can, that the construction of the airport by the City *did* direct or cause the planes to necessarily fly over plaintiff's property. Of course, if plaintiff cannot prove these facts, he would not be entitled to recover, at least against the City, either in state or federal court. In short, this court concludes that the *Donald* case went off on a rule of pleading which may no longer bar this plaintiff under present Georgia law.

Second, plaintiff cites the case of Housing Authority of City of Decatur v. Schroeder, 222 Ga. 417, 151 S.E.2d 226, to the effect that in determining just and adequate compensation for condemned property under the Georgia Constitution, the test is the value of such property at the time of its actual taking and that a jury could not consider the value of the property at a time prior to the actual time of taking. Plaintiff construes this to mean that under Georgia decisional law he could recover in the state condemnation proceeding only the depressed value of his fee simple title at the time the condemnation suit was filed and that he would not be permitted to show that the value of his property had already been depressed and destroyed by low-level flights taking place prior to the time the condemnation proceeding was instituted.

Again, we do not construe the cited opinion as literally or necessarily requiring this result. Under the allegations of the complaint before the District Court, the time of "actual taking" was when the flights began, or at least at some time prior to the filing of the condemnation proceeding, and under the express language of the Georgia decision, were such the case, he apparently could recover the full value of his property from such time of "actual taking", whenever that was.

The judgment of the court below is reversed, and the case is remanded. Pursuant to our authority under 28 U.S.C. § 2106 to direct the entry of such order as may be just under the circumstances, we direct that proceedings be stayed pending the disposition of the matters contemplated herein.

Reversed and remanded.